**Gary A. THARP, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. 72801.**

Missouri Court of Appeals, Eastern District, Division Four.

June 9, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Nadia Termanini, Asst. Atty. Gen., Jefferson City, for appellant.

Thomas P. Howe, St. Louis, for respondent.

HOFF, Judge.

Appellant, the Director of Revenue for the State of Missouri (Director), appeals from the trial court's judgment reinstating the driving privileges of Gary A. Tharp (Driver),

which had been revoked pursuant to Section 577.041.[1] We reverse and remand.

By stipulation of the parties, the facts are taken entirely from the arresting officer's report and the Department of Revenue's Form 4323 pertaining to this case.

On January 12, 1997, Driver was arrested and charged with driving while intoxicated. As part of the police report, the arresting officer completed the Missouri Department of Revenue's Form 2389. The implied consent section of this form indicates Driver was informed that if he refused to submit to a breath test, his "driver's license shall immediately be revoked for one year." Driver refused to submit to a breath test to determine the alcohol content in his bloodstream. On January 13, 1997, the arresting officer mailed to Driver the Department of Revenue's Form 4323, Refusal to Submit to Alcohol/Drug Chemical Test Notice of Revocation of Your Driving Privileges/15 Day Driving Permit (Revocation Notice). The revocation was to begin on January 28, 1997 for a period of one year.

Driver filed a petition for review of the Director's order revoking his driving privileges. The trial court found Driver was not given proper notice that his driving privileges would be revoked, because the notice mailed on January 13, 1997 was for an administrative review hearing rather than a notice of revocation and a fifteen day permit. As a result, Driver's driving privileges were reinstated. This appeal followed.

On appeal, Director argues the trial court's judgment that Driver was not properly notified is not supported by substantial evidence. Director asserts the police report, offered into evidence at the hearing, shows Driver was given proper notice of driving privilege revocation for refusing to submit to a breath test. The police report states Driver was sent the Revocation Notice the following day.

The trial court's decision must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

---

1. All statutory references are to RSMo Cum. Supp.1996.

**332**

Section 577.041 requires a person be warned that refusal to submit to a chemical test to determine blood alcohol content will result in the loss of driving privileges for one year. In *Teson v. Director of Revenue, State of Missouri*, 937 S.W.2d 195 (Mo. banc 1996), the Missouri Supreme Court adopted an actual prejudice standard to determine whether the warning given in a license revocation for failure to submit to a chemical test is sufficient under Section 577.041.1. The warning is sufficient "unless the words used either (1) fail to inform the arrestee of all of the consequences of refusal or (2) mislead the arrestee into believing that the consequences of refusal are different than the law actually provides." *Id.* at 197. In either of these instances, the warning fails because it prejudices the arrestee's decisional process and makes the arrestee's decision uninformed. *Id.*

Although Section 577.041.1 states the arresting officer shall "serve the notice of license revocation personally upon the arrested person and shall take possession of any license to operate a motor vehicle issued by this state which is held by that person," the mailing of the Revocation Notice the next day did not prejudice Driver's decision-making process. Personally serving the Revocation Notice to the arrested person does not affect the decision-making process because, at that point, the arrested person has already refused to take the breath test. In this case, the warning given to Driver at the time of the arrest, as indicated by the implied consent form, informed Driver of the consequences of refusing to submit to a breath test. The mailing of the Revocation Notice the following day did not prejudice Driver's decisional process and did not interfere with his ability to file a timely petition for review. Nothing in the record on appeal shows Driver was misled as to the consequences of his refusal to take the breath test either at the time of his arrest or thereafter.

In addition, the trial court judgment indicated that an administrative review form rather than the notice of revocation and fifteen day permit was sent to Driver. This portion of the judgment is not supported by the record on appeal because the stipulated exhibits show Driver was sent the correct form. The trial court's judgment is not supported by substantial evidence.

The judgment of the trial court is reversed and remanded so the court may enter the appropriate orders sustaining the Director's revocation of Driver's driving privileges.

ROBERT G. DOWD, Jr., P.J. and SIMON, J., concur.