**Francis V. FARIN, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. 73428.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 24, 1998.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, III, Evan J. Buchheim, Asst. Attys. Gen., Jefferson City, for appellant.

Jonathan W. Belsky, St. Louis, for respondent.

ROBERT E. CRIST, Senior Judge.

The Director of Revenue (Director) appeals from the judgment entered reinstating the driver's license of Francis V. Farin (Driver) after a trial de novo pursuant to Section 302.535, RSMo Cum.Supp.1997. We reverse and remand.

On June 24, 1997, Driver filed a petition for trial de novo after Director suspended his license following his arrest for driving while intoxicated. A trial on the petition was held on September 24, 1997. At the trial, Officer Timothy Fodde of the City of Florissant Police Department testified that his attention was drawn to Driver's vehicle on April 19, 1997 at about 1:20 a.m. when he saw Driver run partially off the side of the Highway 67.

He followed Driver's vehicle and determined Driver was driving about 55 miles per hour in a 40–mile–per–hour zone. Based on his observations, he pulled Driver over. When Fodde asked Driver where he had been, Driver stated he was coming from a local bar and admitted that he had drunk a few beers. Fodde also noticed an odor of alcoholic beverage about him. Fodde called for the traffic officer on duty, Officer Jeff Peters. When Peters arrived, Fodde turned the investigation over to him. Fodde informed Peters that Driver had been driving, his observations of Drivers' actions while Driver was driving, and that he suspected he had been drinking.

Officer Jeff Peters also testified that he arrived at the scene and conversed with Fodde. When Peters talked with Driver, he noticed his speech was irregular and he had intoxicants on his breath. Peters conducted three field sobriety tests, which Driver failed. Peters arrested Driver for driving while intoxicated at approximately 1:29 a.m. Peters transported Driver to the Florissant Police Department. Peters gave Driver a breathalyzer test, which indicated Driver's blood alcohol concentration was .167 percent. Driver stipulated that the breathalyzer machine was within the Department of Health specifications and further stipulated to the admission of the maintenance report and certificate of analysis. Director also offered into evidence a copy of the checklist prepared by Peters and the printout for the test run of the machine. These items were admitted subject only to Driver's cross-examination of Officer Peters.

Driver briefly testified on his own behalf. He testified that he drank three to four beers on the evening in question from 10:00 p.m. to 1:00 a.m. He thought he did all right on the tests. Driver presented no further testimony or evidence.

Following the trial, the Commissioner issued findings and recommendations which were adopted by the circuit court as a judgment. The court reinstated Driver's driving privileges, finding: (1) the arresting officer did not have probable cause to arrest Driver for driving while intoxicated; (2) Driver did not have a blood alcohol concentration of .10

percent or more; and (3) Director failed to provide competent evidence of "observation of driving before test." Director appeals.

On appeal, Director argues the court erred in reinstating Driver's driving privileges because its findings were against the weight of the evidence. Director contends it presented sufficient and competent evidence that the arresting officer had probable cause to arrest Driver for driving while intoxicated and further, Driver's blood alcohol content was greater than .10 percent.

Our review of the trial court's decision is controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Cain v. Director of Revenue*, 896 S.W.2d 724, 726 (Mo.App. E.D. 1995). Therefore, the decision of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32.

■ To properly suspend a license under Section 302.505, the Director must show by a preponderance of the evidence that: (1) the police had probable cause to arrest the driver for driving while intoxicated; and (2) the driver's blood alcohol content exceeded the legal limit at the time of his arrest. *Peeler v. Director of Revenue*, 934 S.W.2d 329, 331 (Mo.App. E.D.1996). When the Director makes a prima facie case, then the burden shifts to the driver to present evidence to rebut the prima facie case by a preponderance of the evidence. *Green v. Director of Revenue*, 961 S.W.2d 936, 938 (Mo.App. E.D.1998).

■ At trial, Driver had contested probable cause because the arresting officer, Officer Peters, had not actually seen Driver driving his vehicle. Instead, only Officer Fodde had observed that Driver was driving. Apparently agreeing with Driver, the court found the State had failed to present competent evidence that Peters had observed Driver driving. In response, Director asserts that Fodde's observations are sufficient, particularly where those observations were communicated to Peters when he arrived on the scene. We agree.

■ Probable cause exists when the facts and circumstances would warrant a reasonable person to believe that an offense has been committed. *Rogers v. Director of Revenue*, 947 S.W.2d 475, 477 (Mo.App. E.D. 1997). The determination of whether an officer had probable cause to make an arrest must be made in relation to the circumstances as they would have appeared to a prudent, cautious and trained police officer. *Chinnery v. Director of Revenue*, 885 S.W.2d 50, 51 (Mo.App. W.D.1994).

■ Here, Officer Fodde observed Driver driving on a public highway. He also observed Driver run off the side of the road and speed. After pulling him over and calling for back-up, Officer Fodde communicated this information to Officer Peters, who concluded the investigation and arrested Driver for driving while intoxicated. The collective knowledge of Fodde and Peters established probable cause to arrest Driver for driving while intoxicated. Probable cause is determined by the collective knowledge and the facts available to *all* of the officers participating in the arrest. *State v. Mayweather*, 865 S.W.2d 672, 675 (Mo.App. E.D.1993). The arresting officer does not need to possess all of the information. *State v. Young*, 701 S.W.2d 490, 494 (Mo.App. E.D.1985). Furthermore, a police officer is entitled to rely on official information supplied by another officer when determining probable cause to arrest. *See, State v. Boyd*, 784 S.W.2d 226, 228 (Mo.App. E.D.1989).

Therefore, Director's evidence clearly established by a preponderance of the evidence that Officer Peters had probable cause to arrest Driver for driving while intoxicated. Driver presented no evidence rebutting this element. Accordingly, the trial court's finding that Director failed to prove probable cause to arrest Driver and failed to present competent evidence Driver was driving was against the weight of the evidence and further, not supported by substantial evidence.

■ Director also contends the evidence was uncontroverted that Driver had a blood alcohol concentration of .167 percent at the time of his arrest. In response, Driver points to perceived discrepancies in the time of the breathalyzer test to support the trial court's finding. Officer Peters testified that he arrested Driver at the scene at about 1:29 a.m. He then proceeded to the police department, where he advised him of his rights under the Missouri Implied Consent Law. Peters then observed him for 15 minutes as required by the breathalyzer guidelines. After 15 minutes, Peters gave Driver the breathalyzer test. The printout, however, indicated it was conducted at 12:54 a.m., before Driver's arrest. In explaining the discrepancy, Peters indicated he either recorded the date of the arrest incorrectly or the time on the machine was off.

■ The actual time recorded on the printout is irrelevant to the admission of the breathalyzer test results. First, admission of the printout is not even necessary for the Director to satisfy its prima facie burden of proving the test results. *See, Chevalier v. Director of Revenue*, 928 S.W.2d 388, 394 (Mo.App. W.D.1996). Here, Peters testified that the breath test results were .167 percent. Driver only objected to Peters's testimony "to the extent I want to cross-examine him along this line. Otherwise, you can put it in for whatever it's worth as far as the record is concerned." This objection is insufficient to prevent the test results from being admitted. *See, Lasley v. Director of Revenue*, 954 S.W.2d 327, 331 (Mo. banc 1997). Director need not prove the machine has been properly maintained, where the breath test results are admitted without proper objection. *Id.; Reinert v. Director of Revenue*, 894 S.W.2d 162, 164 (Mo. banc 1995).

Further, even assuming Driver properly objected to the test results, there was no evidence presented that the breathalyzer machine was not in proper working order at the time of the testing. When the police officer responsible for the maintenance of the machine came to testify, Driver indicated he had no objection to the condition of the machine and further, was willing to stipulate the machine was within Department of Health specifications. When Peters gave Driver the test, there was no indication of a malfunction. The checklist indicates Peters performed the test within the procedures promulgated by the Department of Health. The incorrect

time on the printout does not indicate the machine malfunctioned. *See, Bradford v. Director of Revenue,* 735 S.W.2d 208, 209–10 (Mo.App. E.D.1987) (incorrect date insufficient to invalidate test results).

The record clearly indicates that Director satisfied its burden of proving Driver's blood alcohol concentration was greater than the legal limit. Again, Driver presented no evidence rebutting Director's prima facie case. Therefore, the trial court's judgment is against the weight of the evidence and not supported by substantial evidence.

The judgment of the trial court is reversed and the cause remanded for the trial court to enter judgment reinstating the suspension of Driver's driving privileges.

ROBERT G. DOWD, Jr., C.J., and KENT E. KAROHL, J., concur.