Kevin James McCABE, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

Nos. ED 75430, ED 75436.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 5, 1999.

Rehearing Denied Dec. 9, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Jefferson City, for appellant.

Kevin R. Kelly, Hazelwood, for respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

The Director of Revenue (Director) appeals from the judgment reinstating Kevin

McCabe's driving privileges. We reverse and remand.

On September 25, 1997, a St. Louis County police officer arrested McCabe for driving while intoxicated. According to the officer, McCabe refused to submit to a breath test. Director notified McCabe that pursuant to section 577.041 RSMO Cum.Supp.1997, his driving privileges would be revoked for one year for refusing to submit to a breath test. McCabe filed a petition for review of the revocation in St. Louis County Circuit Court.

At trial, Director offered an exhibit that included in part an Alcohol Influence Report signed by the arresting officer.[1] McCabe objected to a portion of the report. The commissioner took the objection under advisement. Director offered no additional evidence and McCabe offered no evidence. The commissioner found that the arresting officer did not see McCabe operating the motor vehicle and did not have probable cause to arrest McCabe. The commissioner also found that McCabe did not refuse to take the breath test. The commissioner recommended that the circuit court reinstate McCabe's driving privileges. The circuit court signed the commissioner's findings and recommendations as the judgment of the court. Director appeals from this judgment.

The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Tharp v. Director of Revenue*, 969 S.W.2d 330, 331 (Mo.App. E.D.1998). In a proceeding where a person's license has been revoked for refusal to submit to a breath test, the trial court shall determine (1) whether the person was arrested, (2) whether the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition, and (3) whether or not the person refused to submit to the test. Section 577.041.4 RSMO Cum.Supp.

1997; *Harder v. Director of Revenue*, 969 S.W.2d 340, 341 (Mo.App. E.D.1998).

■ The parties do not dispute that the officer arrested McCabe. We first address the court's finding that the arresting officer did not have probable cause to arrest McCabe for driving while intoxicated. Attached to the Alcohol Influence Report is a page titled "NARRATIVE INFORMATION." A part of the "NARRATIVE INFORMATION" provides certain statements by the arresting officer regarding the circumstances prior to McCabe's arrest. The arresting officer states:

> I responded to a call to meet an off duty officer ... who stated that while traveling south on Bellefontaine, he observed a 1996 Jeep Cherokee, black in color occupied by one white male, to be swerving back and forth across the center line.
>
> [The off duty officer] further stated that at the intersection of Bellefontaine and Larimore he passed the black Cherokee on the left and continued south on Bellefontaine....
>
> The driver of the black Cherokee later identified as Kevin McCabe, then accelerated and got directly behind [the off duty officer]. Due to the erratic driving of Kevin McCabe, [the off duty officer] pulled to the right and stopped on the shoulder of Bellefontaine at the intersection of Dunn, in an effort to allow Kevin to pass. Kevin then came to an abrupt stop directly behind [the off duty officer] and stated [an obscenity.] [The off duty officer] then ordered Kevin to pull his vehicle to the curb, to which he complied. Kevin exited his vehicle and then began to yell obscenities....
>
> [The off duty officer] advised me that he believed due to the subject[']s driving that he was under the influence of alcohol.

RSMO Cum.Supp.1997 or section 490.692 RSMO 1994.

---

1. The record does not reflect that the exhibit was offered pursuant to section 302.312

The arresting officer also states in the "NARRATIVE INFORMATION" that while interviewing McCabe he could smell the odor of alcohol coming from McCabe's breath and that McCabe refused to participate in a field sobriety test. The officer then arrested McCabe.

■ At trial, McCabe objected, on the basis of hearsay, to the admission of the statements made by the off duty officer to the arresting officer. However, "hearsay evidence is sufficient to establish probable cause because it is not offered for its truth, but to explain the basis for [a] belief that probable cause to arrest existed." *State v. Holt*, 695 S.W.2d 474, 478 (Mo.App.1985). The off duty officer's statements to the arresting officer were therefore admissible to determine if there was probable cause to arrest.

■ The court found that the arresting officer did not see McCabe operating the motor vehicle and then found that the officer did not have probable cause to arrest McCabe for driving while intoxicated. Probable cause exists when the facts and circumstances would warrant a reasonable person to believe that an offense has been committed. *Farin v. Director of Revenue*, 982 S.W.2d 712, 715 (Mo.App. E.D.1998). A determination of whether an officer had probable cause to make an arrest must be made in relation to the circumstances as they would have appeared to a prudent, cautious and trained police officer. *Id.*

■ Here, the off duty officer observed McCabe driving and other actions of McCabe. The arresting officer smelled alcohol on McCabe's breath. It is not necessary for an officer to actually observe a person driving to have probable cause to arrest the person for driving while intoxicated. *Id.* at 714–15; *Chinnery v. Director of Revenue*, 885 S.W.2d 50, 51 (Mo. App. W.D.1994). Probable cause is determined by the collective knowledge and facts available to all of the officers participating in the arrest. *Farin*, 982 S.W.2d at 715. "The arresting officer does not need to possess all of the information." *Id.* Furthermore, a police officer is entitled to rely on official information provided by another officer when determining if there is probable cause to arrest. *Id.* The evidence provided in the "NARRATIVE INFORMATION" was sufficient to establish that the arresting officer had probable cause to arrest McCabe for driving while intoxicated. McCabe presented no evidence at trial. The court's finding that the officer did not have probable cause to arrest McCabe for driving while intoxicated is against the weight of the evidence and is not supported by substantial evidence.

■ We next address the court's finding that McCabe did not refuse the breath test. A part of the "NARRATIVE INFORMATION" contains the arresting officer's statement that McCabe refused to submit to a chemical test of his breath. The Alcohol Influence Report also has a section that the officer must mark if the arrested person refuses to submit to a chemical test of their alcohol content. Here, the officer marked the appropriate box. Because McCabe did not object to any of these portions of the Alcohol Influence Report, this evidence should be considered in determining whether or not McCabe refused to submit to the breath test. *Reinert v. Director of Revenue*, 894 S.W.2d 162, 164 (Mo. banc 1995). As previously stated, McCabe offered no evidence at trial. The court's finding that McCabe did not refuse to submit to the breath test is against the weight of the evidence and is not supported by substantial evidence.

The judgment is reversed and the cause remanded with directions to reinstate the Director's revocation of McCabe's driving privileges.

KENT E. KAROHL, J. and MARY K. HOFF, J., Concur.