Patrick W. MYERS, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 75751.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 23, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

David J. Ferman, L.L.C., Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

The Director of Revenue ("Director"),appeals from the circuit court's judgment reinstating the driving privileges of Patrick W. Myers ("driver"). We reverse and remand.

Director revoked driver's driving privileges for one year for refusing to take a breathalyzer test pursuant to section 577.041, RSMo Cum.Supp.1997.[1] Driver then filed a petition for review with the circuit court. The court assigned the petition to a commissioner for hearing.

On January 4, 1999, the parties submitted the matter on the record and no hearing was held. Director filed certified records from the Department of Revenue. These records included the notice of revocation, Alcohol Influence Report and Missouri Driver Record of driver. Officer Thomas Taylor prepared the Alcohol Influence Report. In the report, Officer Taylor indicates that he was contacted by Police Officer Ziehl at 3:57 a.m. on May 31, 1998, to assist with a driver at the Jack in the

---

1. All statutory references are to RSMo Cum Supp.1997, unless otherwise indicated.

Box restaurant ("restaurant"), in St. Louis County. Upon his arrival, Officer Ziehl told him that he found two men sleeping in the front seat of a car at the drive-thru window of the restaurant. After several attempts, Officer Ziehl was able to awaken the men. Officer Ziehl had the driver of the vehicle step out of the car and he told the passenger to stay put. While Officer Ziehl was completing his investigation of the driver, the passenger crawled over the console into the driver's seat of the car and began to drive away. Officer Ziehl yelled at him to stop, and he drove into a parking area and stopped, climbing back into the passenger seat. The passenger was later identified as driver.

When Officer Taylor arrived, he asked driver to step from the car. Officer Taylor immediately smelled a strong odor of an intoxicating beverage coming from driver's face. Driver admitted he had consumed "a lot" of alcohol, at least eight or ten drinks. Officer Taylor administered three field sobriety tests. On the walk-and-turn test, driver was unable to perform the test, using his arms for balance and losing his balance. On the one leg stand test, driver swayed while balancing, used his arms to balance and put his foot down. Officer Taylor administered the gaze nystagmus test, which indicated driver had no smooth pursuit and distinct nystagmus in both eyes. Based on his poor performance on the field sobriety tests, Officer Taylor arrested driver for driving while intoxicated. After being advised of his Miranda rights and the Missouri Implied Consent Law, driver refused to submit to a breathalyzer test.

After the matter was submitted on the record, the commissioner concluded that the arresting officer did not have probable cause to arrest driver for driving while intoxicated. The commissioner recommended that his driving privileges be reinstated. The circuit court adopted the commissioner's recommendation and entered a judgment, ordering Director to reinstate driver's driving privileges. Director now appeals.

In the single point on appeal, Director contends the circuit court erred in reinstating driver's driving privileges because it misinterpreted the law and its decision was against the weight of the evidence. Director argues it proved a prima facie case supporting the revocation of driver's driving privileges because it offered evidence showing the arresting officer had reasonable grounds to believe driver was driving while intoxicated, and driver refused to submit to a breathalyzer test.

Our review of the trial court's decision is controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Therefore, the decision will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

To revoke a driver's license for refusal to take a breath test, section 577.041 requires that the officer arrest the driver with "reasonable grounds" to believe he or she was driving while intoxicated, and the driver must refuse the breath test. " 'Reasonable grounds' is virtually synonymous with probable cause." *Baptist v. Lohman*, 971 S.W.2d 366, 368 (Mo. App. E.D.1998). In determining whether there are reasonable grounds, the court must evaluate the situation from the viewpoint of a cautious, trained and prudent police officer at the time of the arrest. *Id.*

The court found driver had refused the test, but found the arresting officer had no reasonable grounds to arrest driver for driving while intoxicated. The dispute on appeal concerns whether Officer Taylor, the arresting officer, had reasonable grounds to believe driver was driving while intoxicated, when he did not actually see driver driving, but instead relied upon information from Officer Ziehl.

This precise issue was addressed in *Farin v. Director of Revenue*, 982 S.W.2d 712, 715 (Mo.App. E.D.1998). In that case, Farin contended probable cause failed to exist because the arresting officer had not actually seen him driving, and the arresting officer had relied upon information from another officer to reach that conclusion. *Id.* at 714. We rejected Farin's argument, noting that "probable cause is determined by the collective knowledge and the facts available to *all* of the officers participating in the arrest." *Id.* at 715. Moreover, a police officer is entitled to rely upon official information supplied by another officer in determining if there is probable cause to arrest. *Id.* Just as in *Farin*, Officer Taylor could rely upon Officer Ziehl's observations in concluding he had reasonable grounds to believe driver had been driving while intoxicated.

In response, driver points out that in *Farin* both officers testified, while in his case, neither officer testified. Instead, Director relied upon the police report prepared by Officer Taylor. Driver argues this report contains the hearsay statements of Officer Ziehl and should have been excluded.

We reject driver's argument. When this case was submitted on the record, driver offered no objection to this submission or to any information contained in the record. Driver never lodged a hearsay objection with the trial court. As a result, driver cannot now complain about the admission of hearsay evidence. *See, Reinert v. Director of Revenue*, 894 S.W.2d 162, 164 (Mo.banc 1995). In the present case, the trial court should have considered Officer Ziehl's observations.

Driver also contends on appeal that this Court must defer to the trial court's determination of credibility. Yet, the court made no specific credibility determination. In addition, while a reviewing court will defer to the findings of the trial court where the credibility of a witness is involved, a reviewing court need not do so where the disputed question is not a matter of direct contradictions by different witnesses. *Epperson v. Director of Revenue*, 841 S.W.2d 252, 255 (Mo.App. W.D.1992). Also, "deference to the trial court's findings is not required when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict." *Justice v. Director of Revenue*, 890 S.W.2d 728, 730 (Mo.App. W.D.1995).

Here, Director's evidence was uncontroverted. Our standard of review does not permit us to disregard uncontradicted evidence that supports Director's contention that all elements were proven. Accordingly, the trial court's finding that Director failed to show the arresting officer had reasonable grounds to arrest driver for driving while intoxicated was against the weight of the evidence and not supported by substantial evidence.

The judgment of the trial court is reversed and the cause is remanded to the trial court to enter a judgment reinstating the revocation of driver's driving privileges.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.