**Stephen K. PROZOROWSKI, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 76011.**

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 29, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen.; Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Timothy W. Kelly, Ferguson, for respondent.

ROBERT G. DOWD, Jr., Judge.

The Director of Revenue (Director) appeals from the judgment reinstating the driving privileges of Stephen K. Prozorowski.[1] We reverse and remand.

On July 10, 1998, Officer Morris of the Town and Country Police Department arrested Prozorowski for driving while intoxicated. Prozorowski also consented to a breathalyzer test, which showed he had a blood alcohol content of .162 percent. Due to his arrest, Director suspended his driving privileges pursuant to Section 302.505, RSMo Cum Supp.1999. Prozorowski filed a petition for *de novo* review in St. Louis County circuit court.

At trial, Director submitted the case on the Department of Revenue records. These records included the Alcohol Influence Report prepared by Morris and were certified by the custodian of records for

1. The notice of appeal spells Respondent's last name as Prozopowski, with a "p." However, the judgment and all of the underlying documents spell his name as Prozorowski, with an "r." Therefore, we use that spelling.

the Department of Revenue pursuant to Section 302.312, RSMo Cum.Supp.1999. When the records were offered, Prozorowski objected in writing to "hearsay in police report for officer who did not observe the Petitioner driving or operating the motor vehicle." Director offered no other evidence and Prozorowski offered no evidence. The commissioner found that while Prozorowski had a blood alcohol content of .10 percent or more, the arresting officer did not have probable cause to arrest him for driving while intoxicated. The commissioner noted there was no credible evidence that Prozorowski had been driving or operating the motor vehicle. The commissioner recommended that the Director reinstate Prozorowski's driving privileges. The circuit court signed the commissioner's findings and recommendations as its judgment. Director now appeals.

On appeal, Director contends the trial court erred in setting aside Prozorowski's suspension because its decision that there was no evidence that Prozorowski had been driving or operating the motor vehicle is against the weight of the evidence and further, the trial court misinterpreted and misapplied the law in reaching its conclusion. We note that Prozorowski has not filed a brief responding to Director's appeal.

The court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ At the trial de novo, Director had the burden of showing by a preponderance of the evidence that: (1) the arresting officer had probable cause to arrest Prozorowski for driving while intoxicated; and (2) his BAC was at least .10 percent at the time of his arrest. *Whitworth v. Director of Revenue*, 953 S.W.2d 142, 143 (Mo.App. E.D.1997). When the Director makes a prima facie case, the burden then shifts to the driver to present evidence to rebut the prima facie case by a preponderance of the

evidence. *Green v. Director of Revenue*, 961 S.W.2d 936, 938 (Mo.App. E.D.1998).

■ There is no dispute that Prozorowski had a BAC of .10 percent or more by weight. The dispute at trial centered on whether the arresting officer had probable cause to arrest Prozorowski for driving while intoxicated when the Alcohol Influence Report indicates the arresting officer relied upon the statements of another police officer who observed Prozorowski driving. In the narrative portion of the report, Officer Morris stated:

On this date I was requested to assist Cpl Wolfe 62 on traffic WBI64/W of I270. Upon arrival Cpl Wolfe stated he observed the suspect vehicle stop on the shoulder of I64. The driver exited the vehicle and urinated by his right front tire, exposing his genitalia to passing traffic. Cpl Wolfe contacted the driver who stated he was just checking his tire. Cpl Wolfe stated there was a strong smell of an intoxicating beverage on his breath and asked me to conduct field sobriety tests. Based on my observations of Prozorowski's physical condition and the results of the field sobriety tests I placed him under arrest for DWI.

Morris specifically listed on his report that Wolfe saw Prozorowski driving the motor vehicle. Morris also noted on the report that he observed a strong odor of alcohol on his breath, his eyes were bloodshot and his pupils dilated. He was also swaying and slurred his speech.

■ The case at hand is virtually indistinguishable from the recent case of *McCabe v. Director of Revenue*, 7 S.W.3d 12 (Mo.App. E.D.1999). In *McCabe*, an off-duty officer observed McCabe driving his vehicle and swerving back and forth across the center lane, but the arresting officer did not see these actions. *Id.*, at 13. At trial, the Director offered the Alcohol Influence Report prepared by the arresting officer and containing the off-duty officer's observations as relayed to the arresting officer. *Id.*, at 13–14. McCabe

objected to the report on the basis of hearsay statements made by the off-duty officer to the arresting officer. *Id.*, at 13–14. The trial court agreed and found the arresting officer did not have probable cause to arrest McCabe. *Id.* We reversed, finding the off-duty officer's statements were admissible hearsay to determine if the arresting officer had probable cause to arrest, because they are not offered for their truth, but instead to explain a basis for a belief that probable cause exists. *Id.* Further, the arresting officer may rely upon official information provided by another officer when determining if there is probable cause. *Id.*, at 14.

Relying on *McCabe*, we find the evidence provided in the Alcohol Influence Report was sufficient to establish the State's burden that the arresting officer had probable cause to arrest Prozorowski for driving while intoxicated. *See also, Pendergrass v. Director of Revenue*, 4 S.W.3d 599 (Mo.App. E.D.1999). Prozorowski offered no evidence to rebut this. In addition, there can be no issue of credibility where no one testified at the trial. While we give great deference to a trial judge's determination regarding the credibility of witnesses, in cases submitted solely upon a written record, no such deference is warranted. *Director of Revenue v. Christman*, 968 S.W.2d 737, 739 (Mo.App. E.D.1998). Therefore, the trial court's finding that the arresting officer did not have probable cause to arrest Prozorowski for driving while intoxicated is against the weight of the evidence and is not supported by substantial evidence.

The judgment is reversed and remanded with directions to reinstate the Director's suspension of Prozorowski's driving privileges.

CRANE, P.J., and SULLIVAN, J., concur.