Kevin Ray **CALICOTTE**, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI**, Appellant.

No. 23266.

Missouri Court of Appeals, Southern District, Division One.

June 26, 2000.

**590**

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

No appearance for respondent.

CROW, Presiding Judge.

Citing § 577.041.3,[1] the Director of Revenue ("Director") revoked the license of Kevin Ray Calicotte ("Calicotte") to operate a motor vehicle. Director based the revocation on Calicotte's refusal to submit to a chemical test of his breath pursuant to § 577.020.1.

Calicotte petitioned the circuit court for review per § 577.041.4. Following an evidentiary hearing, the court entered judgment nullifying the revocation. Director brings this appeal from that judgment.

The testimony of Dent County Deputy Sheriff Craig E. Smith ("Smith") was the sole evidence presented to the trial court.

About 3:55 p.m., June 4, 1999, Smith heard "radio traffic" from the "dispatcher" that Calicotte had been "pulled over" by the sheriff and another deputy on "Highway 72 in the area of the FF Junction." Smith arrived at that site "[a]pproximately 15 seconds" later. Smith observed the sheriff speaking to Calicotte's "girlfriend."[2] Calicotte was "in the driver's portion of the vehicle." The vehicle "was not in motion."

Smith asked Calicotte to "step out of the car." Calicotte complied.

Smith noticed a "strong odor" of "intoxicants" emanating from Calicotte. Calicotte's eyes "appeared to be bloodshot and watery."

Smith asked Calicotte whether "he'd been drinking recently." Calicotte replied he had drunk a "couple [of] beers."

Smith asked Calicotte to perform a "field sobriety" test, the "walk-and-turn." Describing how Calicotte performed, Smith said, "Poorly." Smith asked Calicotte to perform other tests; Calicotte refused.

Smith arrested Calicotte for driving while intoxicated and took him to the Dent County Sheriff's office. There, Smith asked Calicotte to "take a breathalyzer test." Calicotte refused.

Smith took possession of Calicotte's driver's license per § 577.041.1 and sent Director a report of the incident. § 577.041.2.

On cross-examination by Calicotte's lawyer, Smith conceded Calicotte never admitted driving the vehicle and Calicotte's speech was "coherent."

---

1. References to statutes are to RSMo Cum. Supp.1998.

2. After Smith testified, Calicotte's lawyer told the trial court Calicotte "was stopped because they had a report of a domestic quarrel between him and somebody else, maybe the girl that was with him."

Calicotte's lawyer argued to the trial court that Director failed to prove Calicotte "drove that car." Furthermore, said Calicotte's lawyer, Smith did not have "reasonable grounds to believe [Calicotte] was intoxicated."

Section 577.041 specifies the issues the trial court had to resolve. It reads, in pertinent part:

"4. ... At the hearing the court shall determine only:

(1) Whether or not the person was arrested or stopped;

(2) Whether or not the officer had:

(a) Reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated ... condition; or

...

(3) Whether or not the person refused to submit to the test.

5. If the court determines any issue not to be in the affirmative, the court shall order the director to reinstate the license or permit to drive."

The judgment included this:

"[T]he Court makes the following findings: 1) that Kevin Calicotte was arrested or stopped; 2) that the arresting officer did not have reasonable grounds to believe Kevin Calicotte was driving a motor vehicle; 3) that the arresting officer did not have reasonable grounds to believe Kevin Calicotte did refuse to submit to the test. The Court therefore finds issues 2 and 3 for [Calicotte] and against the Director of Revenue."

Director's brief presents one point relied on; it reads:

"The trial court erred in setting aside the revocation of Calicotte's driving privilege under § 577.041 ... for refusing a chemical test because it misinterpreted the law and its decision was against the weight of the evidence in that the Director proved a prima facie case showing that: 1) Calicotte was arrested; 2) the

arresting officer had reasonable grounds to believe Calicotte was driving while intoxicated; and, 3) Calicotte refused to submit to a breath test."

Rule 84.13(d)[3] sets forth the standard governing this court's review in a case tried without a jury. In *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976), the Supreme Court of Missouri construed the predecessor of that rule to mean the trial court's judgment will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. That standard applies to appellate review in a proceeding under § 577.041.4. *Baptist v. Lohman*, 971 S.W.2d 366, 367–68[1] (Mo.App. E.D.1998); *Snow v. Director of Revenue*, 935 S.W.2d 383, 385[1] (Mo.App. S.D.1996).

The first issue the trial court was required to determine was whether Calicotte was arrested or stopped. § 577.041.4(1). As we have seen, the trial court found that issue in the affirmative.

The second issue the trial court was required to determine was whether Smith had reasonable grounds to believe Calicotte was driving a motor vehicle while in an intoxicated condition. § 577.041.4(2)(a). As we have seen, the trial court found Smith did not have reasonable grounds to believe Calicotte was driving a motor vehicle. The trial court made no finding on whether Smith had reasonable grounds to believe Calicotte was in an intoxicated condition.

■ Rule 73.01(c) provides that in a case tried without a jury, all fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached. Furthermore, the judgment stated the trial court "finds issues 2 and 3" for Calicotte. This court therefore proceeds on the premise that the trial court found

---

**3.** References to rules are to Missouri Rules of Civil Procedure (2000).

Smith did not have reasonable grounds to believe Calicotte was in an intoxicated condition.

■ This court shall first address the trial court's finding that Smith did not have reasonable grounds to believe Calicotte was driving a motor vehicle. This court's task is to determine whether that finding is supported by substantial evidence and is not against the weight of the evidence.

■ The quantum of proof required to show reasonable grounds is substantially less than that required to establish guilt beyond a reasonable doubt; the court must evaluate the situation from the vantage point of a cautious, trained and prudent police officer at the time of arrest. *Baptist*, 971 S.W.2d at 368[2]; *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 243 (Mo.App. W.D.1992).

■ An officer need not observe a person driving a motor vehicle in order to have probable cause to arrest such person for driving while intoxicated.[4] *McCabe v. Director of Revenue*, 7 S.W.3d 12, 14[5] (Mo.App. E.D.1999); *Chinnery v. Director of Revenue*, 885 S.W.2d 50, 51[5] (Mo.App. W.D.1994). Circumstantial evidence may be relied upon when driving is not actually observed. *Chinnery, id.* at [6]; *Wilcox*, 842 S.W.2d at 243[5]. Consequently, an officer may rely on information supplied by another officer when determining probable cause to arrest. *Farin v. Director of Revenue*, 982 S.W.2d 712, 715[7] (Mo.App.

E.D.1998). Arrests by officers based upon information received over "the police radio" are valid. *State v. Jones*, 558 S.W.2d 810, 813[2] (Mo.App.1977); *State v. Granberry*, 530 S.W.2d 714, 725[11] (Mo.App. 1975).

■ Here, the uncontradicted evidence was that Smith learned by radio from his "dispatcher" that the sheriff and another deputy had "pulled over" Calicotte on a public highway. When Smith arrived at the site 15 seconds later, Calicotte was in the "driver's portion" of a motor vehicle. The sheriff was at the site, talking to a woman. Although the record does not reveal whether the woman was inside or outside the vehicle occupied by Calicotte, it is evident she was not in the driver's seat, as Calicotte was situated there.

■ Mindful that whether reasonable grounds exist is determined by practical considerations of everyday life on which reasonable people act, not the hindsight of legal technicians, *Wilcox*, 842 S.W.2d at 243, this court holds the trial court's finding that Smith did not have reasonable grounds to believe Calicotte was driving a motor vehicle is unsupported by substantial evidence and is against the weight of the evidence.[5]

■ In so holding, this court is aware an argument could be made that the trial court was entitled to disbelieve Smith's testimony.[6] However, where (as here) the evidence is uncontradicted, this court's

---

4. "Reasonable grounds" and "probable cause" are virtually synonymous. *Baptist*, 971 S.W.2d at 368[2]; *cf. Tuggle v. Director of Revenue*, 727 S.W.2d 168, 170 (Mo.App. W.D.1987).

5. This court recognizes the information Smith received by radio would have been vulnerable to a hearsay objection had Director offered it to prove Calicotte was in fact driving the vehicle. *See: State v. Barnett*, 980 S.W.2d 297, 306[23] (Mo. banc 1998), *cert. denied*, 525 U.S. 1161, 119 S.Ct. 1074, 143 L.Ed.2d 77 (1999). However, hearsay evidence is sufficient to establish probable cause to arrest because it is not offered for its truth, but to

explain the basis for a belief that probable cause to arrest existed. *McCabe*, 7 S.W.3d at 14[2]; *State v. Holt*, 695 S.W.2d 474, 477–78[9] (Mo.App. E.D.1985).

6. No such argument is presented in this court, as Calicotte filed no brief. While no penalty is imposed for such failure, this court is left without the benefit of whatever support Calicotte could have provided for the trial court's judgment. *Holt v. Director of Revenue*, 926 S.W.2d 532, 533 n. 2 (Mo.App. S.D.1996). As a result, this court is dependent on Director's brief and this court's independent research in deciding this appeal. *Id.*

standard of review does not permit this court to affirm the judgment by merely disregarding uncontroverted evidence that supports Director's contention that all elements for upholding Director's revocation of Calicotte's license were proven. *Wisdom v. Director of Revenue*, 988 S.W.2d 127, 131 (Mo.App. S.D.1999); *Kienzle v. Director of Revenue*, 944 S.W.2d 326, 328[10] (Mo.App. S.D.1997).

Consistent with *Wisdom* and *Kienzle*, this court, for the reasons heretofore set forth, holds the trial court erred in finding Smith did not have reasonable grounds to believe Calicotte was driving a motor vehicle.

■ That brings this court to the trial court's presumed finding that Smith did not have reasonable grounds to believe Calicotte was in an intoxicated condition.

■ The evidence supporting Smith's belief that Calicotte was intoxicated is recounted earlier in this opinion.

On cross-examination, Calicotte's lawyer elicited testimony from Smith that Calicotte said he had "an injury to his eye" and also had "middle ear problems." Smith conceded both conditions "can cause balance problems." However, those conditions do not account for the "strong odor" of "intoxicants" emanating from Calicotte, nor do they explain his refusal to take other field sobriety tests requested by Smith.

In *State v. Myers*, 940 S.W.2d 64 (Mo. App. S.D.1997), an appeal by a driver from a conviction of driving while intoxicated, this court held the driver's refusal to perform field sobriety tests was admissible as evidence of intoxication. *Id.* at 65[2].

Emphasizing that Director was not required to prove Calicotte was intoxicated, but only that Smith *had reasonable grounds to believe Calicotte was intoxicated,* this court holds the trial court's finding

adverse to Director on that issue is unsupported by substantial evidence and is against the weight of the evidence. Consequently, the trial court erred in finding the issue in § 577.041.4(2)(a) not to be in the affirmative.

The remaining finding by the trial court was, in the language of the judgment, a finding that Smith "did not have reasonable grounds to believe Kevin Calicotte did refuse to submit to the test."

■ Reasonable grounds is not an issue in regard to a driver's refusal to submit to a chemical test of his breath. The issue, as framed by § 577.041.4(3), is whether the driver refused to submit to the test.

The finding in the judgment regarding the test is contrary to an announcement the trial court made at the conclusion of the evidence. At that juncture, the trial court declared: "There's no question that the Petitioner refused to submit to the test." Later, the court added: "There's no question about the stop or the refusal."[7]

■ This court shall not attempt to reconcile the trial court's remarks with the finding in the judgment. Taking the judgment as this court finds it, this court shall treat the trial court's finding on the issue specified in § 577.041.4(3) as a finding that Calicotte refused to submit to the test.

There is no evidence to support such a finding. The only evidence before the trial court was that Smith asked Calicotte to "take a breathalyzer test" and Calicotte refused. Smith's uncontradicted testimony on that subject included this:

"Q. Did you inform him that his license would be revoked for one year if he did not take the breath test?

A. Yes, sir.

Q. Did you inform him that his refusal to take a breath test may be used against him in a court of law?

---

7. The reason for the discrepancy between the trial court's remarks and the finding in the judgment may be that the court asked Calicotte's lawyer "to prepare a formal judgment" in accordance with the court's findings. A month elapsed between that request and entry of the judgment.

A. Yes, sir.

Q. Did he appear to understand what you told him regarding the breath test?

A. He stated that he did.

. . . .

Q. Now, having said all that, did Mr. Calicotte refuse to take the breath test?

A. Yes, sir, he did.

Q. And during the time you had Mr. Calicotte in the sheriff's department, did he ever ask to speak with an attorney?

A. No, sir, he did not.

Q. What was Mr. Calicotte's attitude throughout this time that you had him in custody?

A. He was cocky and ... antigonostic (sic).... He had state [sic] that his brother, I believe, had got a DWI sometime previous and that he knew how to beat this, that it wouldn't go anywhere, and he would have his license back and it would not be suspended for one year."

Given that unchallenged evidence, the trial court's finding in the judgment that Smith "did not have reasonable grounds to believe Kevin Calicotte did refuse to submit to the test" is unsupported by substantial evidence and is against the weight of the evidence. Accordingly, this court holds the trial court erred in failing to find the issue in § 577.041.4(3) not to be in the affirmative.

The judgment is reversed and this cause is remanded to the trial court with a directive to enter judgment affirming Director's revocation of Calicotte's driver's license.

PARRISH and SHRUM, JJ., concur.