Albert L. MOLTHAN, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 57744.

Missouri Court of Appeals,
Western District.

Nov. 28, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Appellant.

Philip F. Carderella, Kansas City, for Respondent.

HOLLIGER, Presiding Judge.

The Director of Revenue appeals from the judgment of the trial court setting aside the Director's revocation of Albert Molthan's driver's license for driving a vehicle with a blood alcohol content of .10 percent or more in violation of § 302.505, RSMo Cum.Supp.1999. The Director contends that the trial court erred in excluding hearsay that would identify Molthan as the driver of a vehicle. We affirm. The hearsay evidence was properly excluded, and other evidence was insufficient to establish that Molthan was, in fact, the driver of the vehicle, as was required to suspend his driver's license privileges.

The facts adduced before the trial court viewed in the light most favorable to the court's judgment are as follows. On February 24, 1999, a Kansas City police officer was dispatched to the scene of a two-vehicle collision on Interstate 70. When he arrived, both cars were parked on the right side of the highway and two men were outside of the cars. The officer testified that the two were "exchanging information" but did not otherwise identify what that information included. The officer identified one of the men as Albert Molthan.

The officer smelled an odor of intoxicating beverage coming from Molthan. He testified that Molthan was unsure of his balance and stumbling. The officer administered the horizontal gaze nystagmus test. He testified that, at maximum deviation,

Molthan's eyes were "flattering" [sic], which is a sign of intoxication. Other sobriety tests were performed at the station. The officer came to the conclusion that Molthan was intoxicated and placed him under arrest for suspicion of driving while intoxicated. At the station, Molthan took a breath test, which showed an alcohol concentration of .152 percent. The Director subsequently suspended Molthan's driving privileges under § 302.505. Molthan then filed a petition for trial de novo contesting the Director's action.

At trial, the parties stipulated that the breath analyzer was operating properly and that Molthan's alcohol test result was .152 percent. The officer admitted that Molthan never told him he was driving the car but, rather, told him that he (Molthan) was "traveling in it at the time of the accident." The state did not call the other driver as a witness. Instead, the state offered into evidence certified copies of the Director's records, which included in the arresting officer's report a statement by the other driver identifying Molthan as the driver of one of the vehicles involved in the accident. Molthan objected to the statement by the witness as hearsay. At the conclusion of the evidence, the court found against the Director.[1]

In his sole point on appeal, the Director argues that the trial court erred in sustaining the hearsay objection to the portion of the officer's report containing the witness statement and in finding that the arresting officer did not have probable cause to arrest Molthan for driving while intoxicated. The Director argues that an officer may rely upon hearsay in establishing probable cause and that there was other circumstantial evidence that Molthan had driven the vehicle.

Included in the Director's argument is the contention that the state need not prove that Molthan was in fact driving the vehicle, but only that the officer had prob-

able cause to believe the licensee was driving.

## STANDARD OF REVIEW

The judgment of the trial court must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Endsley v. Director of Revenue*, 6 S.W.3d 153, 157 (Mo.App.1999). We need not defer to the trial court's judgment if the evidence is uncontroverted or admitted so that the real issue is a legal one as the legal effect of the evidence. *Kienzle v. Director of Revenue*, 944 S.W.2d 326, 328 (Mo.App. 1997). However, where evidence is presented which, if believed, would support a finding in favor of one party, but contrary or inconsistent evidence is also presented, then it is up to the trial court to resolve the factual issue. *Hampton v. Director of Revenue*, 22 S.W.3d 217, 220 (Mo.App. 2000). So long as the trial court's determination is supported by substantial evidence, we will affirm, regardless of whether we would have reached the same result. *Endsley*, 6 S.W.3d at 165.

## DISCUSSION

**Was there substantial evidence to support the finding that the state failed to prove that Molthan was driving?**

§ 302.505 RSMo Cum.Supp.1999 provides in relevant part:

The department shall suspend or revoke the license of any person upon its determination that the person was arrested **upon probable cause to believe such person was driving a motor vehicle** while the alcohol concentration in the person's blood, breath, or urine was ten-hundredths of one percent or more by weight, based on the definition of alcohol concentration in section 302.500.... (Emphasis added)

---

1. Although there is no clear ruling expressed in the record, both parties agree, and the transcript colloquy supports the conclusion, that the trial court refused to consider the objected-to portion of the record upon the basis of the hearsay objection.

The thrust of the Director's argument is that it meets its burden by proving that Molthan was in fact intoxicated and that the officer arrested him upon probable cause to believe he was driving. In other words, the Director contends that the state is not required to prove that Molthan was, in fact, driving a motor vehicle but only that the officer had reasonable grounds to believe he was driving. We rejected this same contention in *Hampton, supra*. We said:

> While, read literally and in isolation, Section 302.505 does not expressly state that the person who is arrested for driving while intoxicated in fact must be the driver, this is the necessary intendment of the statute, the purpose of which is to suspend the license of persons who are *driving* while intoxicated. Being intoxicated while not driving is not a crime, and is not a basis for suspension of one's license.

*Hampton*, 22 S.W.3d at 220. We rejected an absurd reading of § 302.505, RSMo Cum.Supp.1999, and pointed out that § 302.530.4 provides that upon appeal of the administrative action by the Director that at even the administrative hearing stage before a trial de novo, "[t]he sole issue ... shall be whether by a **preponderance of the evidence** the person **was driving a vehicle** pursuant to the circumstances set out in section 302.505." *Id.* at 221 (first emphasis added).

We reject the Director's contention that the statement of the witness was admissible because it was not in fact hearsay since it was not offered to in fact show that Molthan was driving the vehicle. Clearly, the offer was for its truth and not just to explain the basis for the officer's belief that he had probable cause. The state offers no alternative theory that the rejected offer either was not hearsay, or was admissible under some other exception to the hearsay rule.

The Director argues that *Farin v. Director of Revenue*, 982 S.W.2d 712 (Mo.App.1998) and *McCabe v. Director of Revenue*, 7 S.W.3d 12 (Mo.App.1999), support its position that the hearsay testimony of a witness is admissible. In *Farin*, there was no issue presented about hearsay testimony. In fact, the witness who saw Mr. Farin driving (an officer other than the one who made the arrest) did, in fact, testify at trial. *Farin*, 982 S.W.2d at 713. Rather, the issue was whether the actual arresting officer could rely upon the observations of another officer in determining probable cause to arrest for driving while intoxicated under § 302.505. In *McCabe*, an off-duty officer observed the driving act and notified another officer who subsequently made the arrest and alcohol assessment. There, the off-duty officer, unlike in *Farin*, did not testify but his hearsay statement was offered. The hearsay objection and argument on appeal was rejected upon the basis that it was not offered for its truth but to explain that a basis for probable cause to arrest existed. *McCabe*, 7 S.W.3d at 14. *McCabe* was an action for review of a suspension for refusal to take a breath test for alcohol under § 577.041 RSMo Cum.Supp.1997.[2] The Southern District has seemed to hold that in a § 577.041 case, the Director need not prove someone was actually driving the vehicle but only probable cause to believe the individual was driving. *Calicotte v. Director of Revenue*, 20 S.W.3d 588, 592 (Mo.App.2000) *(fn.5)*.[3] We cannot clearly

---

**2.** In *Nightengale v. Director of Revenue*, 14 S.W.3d 267, 269–70 (Mo.App.2000), a case under § 577.041 RSMo Cum.Supp.1998, the issue we were presented with was whether hearsay testimony was properly admissible to prove someone was driving the vehicle. We did not reach the question because the hearsay testimony was only that the individual was "possibly driving." The Eastern District also has been presented this issue, in a case under § 302.505 RSMo 1994 as to whether hearsay was admissible to prove erratic driving (the plaintiff admitted the fact of driving), but did not reach it for other reasons. *Kearney v. Director of Revenue*, 999 S.W.2d 310, 311 (Mo.App.1999).

**3.** We note that in a case under § 302.505, such as here, the Southern District has held

explain the holding in *McCabe*, except to observe that, to the extent it can be read to suggest that in a case under § 302.505, the Director must only prove probable cause to *believe* the person was driving, and not that he or she actually was driving, it would be in conflict with this court's holding in *Hampton*.

Thus the issue we must resolve is not whether hearsay may be admissible to show probable cause but whether it is admissible to prove the actual fact of driving by a preponderance of the evidence as required by *Hampton*. It is the Director's responsibility to present upon appeal an exposition of the legal reasons by which the trial court erred. *State v. Root*, 820 S.W.2d 682, 686 (Mo.App.1991). In the context of exclusion of evidence, the Director must show in the present context some legitimate reason why the obviously hearsay evidence was admissible. *Id.* A point relied on must set forth the actions or rulings of the trial court that are sought to be reviewed and "wherein and why" they are claimed to be erroneous. Supreme Court Rule 30.06(c). A point relied on must consist of these three points "[t]he challenged ruling of the trial court" and the "rule of law … which it is asserted the court should have applied is set forth and the evidentiary basis upon which it is contended that the asserted rule is applicable is specified." *Thummel v. King*, 570 S.W.2d 679, 686 (Mo.banc.1978). The Director offers no such basis and none appears obvious to us. We therefore reject the Director's contention that the trial court erred in sustaining Molthan's objection.

Our inquiry is not, however, complete. Although we disagree that hearsay is admissible to prove the fact of driving by Molthan, we do agree with the Director's contention that the arresting officer himself need not actually observe the defendant driving. *Chinnery v. Director*

that the actual fact of driving must be proven. *House v. Director of Revenue*, 997 S.W.2d 135,

*of Revenue*, 885 S.W.2d 50, 51 (Mo.App. 1994). Evidence of driving may be shown by admissions. *Pendergrass v. Director of Revenue*, 4 S.W.3d 599, 601 (Mo.App.1999). The issue may also be proven by other circumstantial evidence. *Id.*

Here, the Director made no inquiry of the officer concerning the ownership of the vehicle that Molthan was presumably driving. The Director admits that all the report shows about ownership is "saa" which the Director presumes stand for "same as above" and is beneath the officer's entry for "name of driver." This is hardly strong circumstantial evidence given the officer's admission that Molthan did not tell him he was the driver. The Director also points to testimony that Molthan and the other individual were "exchanging information" at the scene, and suggests that only persons actually driving exchange information. The only testimony given by the officer from any discussion with Molthan was that he stated to the officer that he was "traveling" on the interstate and was unsure how the accident happened.

We do not determine that such evidence could not have supported a contrary conclusion by the trial court. Instead, our inquiry is whether there is substantial evidence upon which the trial court could have properly concluded that the Director had failed to prove that Molthan was the driver. We believe there was and that this is not a case where the evidence is so clearly overwhelming that we can find that the trial court abused its discretion or rendered a judgment that was clearly against the weight of the evidence.

The judgment is affirmed.

BRECKENRIDGE and SMART, JJ., concur.