**Billy Joe BAPTIST, Appellant,**

v.

**Jeanette LOHMAN, Director, Missouri Department Of Revenue, Drivers License Bureau, Respondent.**

No. 72765.

Missouri Court of Appeals, Eastern District, Division One.

July 21, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Judge.

Appellant Billy Joe Baptist (Baptist) appeals the suspension of his driver's license under Section 577.041 RSMo (1994) for failing to submit to a breath alcohol test. He contends there was insufficient evidence to suspend his license under the statute defining "driving while intoxicated" because no one actually saw him driving his truck. *See* Section 577.001 RSMo Supp.1996. We disagree, and affirm the judgment of the trial court.

Shortly after midnight, on February 15, 1997, a convenience store clerk noticed a pickup truck parked in the store's parking lot. She did not see the truck arrive onto the lot. She could see a man with his eyes closed behind the wheel. The clerk watched the truck for thirty to forty-five minutes before she called police. She did not see anyone get into or out of the truck.

At about 1:30 a.m., a police officer arrived. The officer approached the truck and could see Baptist sitting behind the driver's seat, slumped toward the passenger side. The truck was running, the keys were in the ignition, and the manual transmission was in neutral. The officer tried unsuccessfully to wake him by tapping on the closed truck window, but he did not awaken until the officer yelled while shining his flashlight in Baptist's face. Another officer arrived on the scene. Together, the two officers administered field sobriety tests to Baptist, which he failed. The officers drove him to the police station, where he refused to be administered a breath alcohol test.

Pursuant to Section 577.041, the Director of Revenue suspended Baptist's driving license for one year for his failure to take the breath test. He appealed his suspension to the circuit court of Marion County. The court affirmed the suspension. Baptist appeals.

■ This court is obliged to affirm the judgment of the trial court unless it is unsupported by substantial evidence, is against the

Stephen Ray Porter, Monroe City, for appellant.

weight of the evidence, or misstates or misapplies the law. *Borgen v. Director of Revenue*, 877 S.W.2d 172, 174 (Mo.App. W.D. 1994); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Baptist contends there was no "reasonable ground" to arrest him for driving while intoxicated because there was no evidence he was driving his vehicle. In order to suspend a driver's license for refusal to take a breath test, Section 577.041 requires that a driver be arrested by an officer with "reasonable grounds" to believe the driver was driving while intoxicated, and the driver must refuse to take the blood alcohol test. "Reasonable grounds" is virtually synonymous with probable cause. *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 242 (Mo.App. W.D. 1992). The quantum of proof required to show reasonable grounds is substantially less than that required to establish guilt beyond a reasonable doubt, and the court must evaluate the situation from the vantage point of a cautious, trained and prudent police officer at the time of arrest. *Id.* at 242, 243. While mere suspicion is insufficient, absolute certainty is not required. *Id.* at 243. Baptist admits he was arrested and refused a breath test, but he contends the officer did not have reasonable grounds to arrest him.

■ Even though the store clerk did not actually see Baptist driving the truck, she also did not see anyone get into or out of the truck. The officer saw that Baptist was seated behind the driver's wheel with the engine running, and the truck was in neutral. An officer may have reasonable grounds to arrest for driving intoxicated, even when his evidence of "actually driving" is based on circumstantial evidence. Based on information from the store clerk, who witnessed only Baptist in the truck, the officer's observation of the condition of the truck, Baptist's position seated behind the wheel and the results of the field sobriety tests, the officer had reasonable grounds to make an arrest. The trial court did not abuse its discretion in determining that the officers had reasonable grounds to suspect Baptist had been driving while intoxicated.

■ Baptist points to a August 28, 1996, legislative modification of the definition of "driving while intoxicated." The Missouri legislature changed Section 577.001, deleting language defining drive as "actual physical control" and retaining "physically driving or operating" the vehicle.[1] Baptist contends that the new statute requires that someone actually observe an operator of a motor vehicle drive his vehicle. He also asserts that the new statute no longer allows an officer to have reasonable grounds to arrest for driving while intoxicated based on circumstantial evidence. We disagree. While a motorist may no longer be found to be driving while intoxicated merely because he is in "control" of a running automobile, Section 577.001 as amended still permits "operating a motor vehicle" to be established by circumstantial evidence. Point denied.

Judgment affirmed.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.

---

1. Before the amendment, Section 577.001 provided:

> As used in this chapter, the term "drive", "driving", "operates" or "operating" means physically driving or operating or being in actual physical control of a motor vehicle.

The statute now says:

> As used in this chapter, the term "drive", "driving", "operates" or "operating" means physically driving or operating a motor vehicle.