STATE of Missouri, Plaintiff–
Respondent,

v.

Ronald L. WILES, Defendant–
Appellant.

No. 23132.

Missouri Court of Appeals,
Southern District,
Division Two.

July 26, 2000.

Motion for Rehearing or Transfer
Denied Aug. 15, 2000.

Application for Transfer Denied
Oct. 3, 2000.

**438**

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, Asst. Atty. Gen., Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Ronald L. Wiles ("Defendant") was charged with the Class D felony of driving while intoxicated in violation of Section 577.010.1, RSMo 1994. A jury found Defendant guilty, and he was sentenced to five years imprisonment. Defendant appeals his conviction, asserting that the trial court erred in 1) overruling his motion for judgment of acquittal and in sentencing him pursuant to Section 577.010.1, RSMo 1994, as the State failed to prove beyond a reasonable doubt that he had "operated" his vehicle while intoxicated and 2) overruling his motion to dismiss, submitting to the jury an instruction defining "operated" as "physically driving or operating," and refusing to give his definition of "operated."

As Defendant contests the sufficiency of the evidence supporting his conviction, appellate "review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998), *cert. denied* 525 U.S. 1021, 119 S.Ct. 551, 142 L.Ed.2d 458 (1998). In applying this standard, the Court accepts as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993), *cert. denied* 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). Viewed in this light, the evidence most favorable to the verdict shows:

Shortly before 1 a.m. on February 14, 1999, Webb City Police Officer Travis Osterman ("Officer Osterman") received a report of a loud vehicle idling in a residential area. Upon arriving at the scene, Officer Osterman observed a blue 1970s model Ford truck parked at an angle, facing a garbage dumpster, with its engine running at a fast idle. As he approached the vehicle, Officer Osterman noticed that the truck's headlights, taillights, and brake lights were on. He found Defendant slumped over the steering wheel on the driver's side of the vehicle. Defendant's left hand was on the door rest and his right hand was down by his side. His left foot was on the brake pedal, his right foot was on the accelerator, and the vehicle was in park.

Officer Osterman knocked on the window to get Defendant's attention. Defendant failed to respond, so Officer Osterman opened the driver's side door. Defendant, after almost falling out of the truck, had to be assisted back into an upright position by Officer Osterman. Officer Osterman smelled a strong odor of intoxicants coming from Defendant and observed that his eyes were "glassy and watery and staring." Inside the truck's cab, Officer Osterman found an open container of whiskey, an open can of beer, and several unopened containers

of beer. After Defendant failed three field sobriety tests, Officer Osterman arrested Defendant for driving while intoxicated. After being taken to the Webb City jail, Defendant admitted that he had been drinking and that he was still under the influence of alcohol.

In a pre-trial motion, during the instruction conference, and in his motion for a judgment of acquittal or in the alternative for a new trial, Defendant asserted that the term "operate" as used in Section 577.010, RSMo 1994, was unconstitutionally vague and that the jury instruction incorporating the term was similarly vague.[1] The trial court overruled these objections. On June 23, 1999, a jury returned a verdict finding Defendant guilty of the charged offense. Defendant appeals his conviction.

In his first point on appeal, Defendant contends that the trial court erred in overruling his motion for judgment of acquittal and in sentencing him for operating a motor vehicle while intoxicated because the State failed to prove beyond a reasonable doubt that he had "operated" his vehicle while intoxicated. Defendant argues that although he was found intoxicated in a parked vehicle with its engine running, the evidence did not support that he was "physically driving or operating" a motor vehicle while intoxicated as required under Sections 577.001.1, RSMo Cum.Supp.1998, and 577.010, RSMo 1994, as he was asleep in the truck, the truck was in park, and there was no evidence that he had started, moved, or driven the truck while intoxicated.

Prior to August 28, 1996, the definition of "driving" or "operating" under Section 577.001.1, RSMo 1994, provided that "[a]s used in this chapter, the term 'drive', 'driving', 'operates' or 'operating' means physically driving or operating or being in actual physical control of a motor vehicle." That statute was amended in August 1996, and now states that "[a]s used

in this chapter, the term 'drive', 'driving', 'operates' or 'operating' means physically driving or operating a motor vehicle." § 577.001.1, RSMo Cum.Supp.1998. Defendant concedes that under the prior definition, the evidence would have been sufficient to convict him of driving while intoxicated, as he was in "actual physical control of a motor vehicle." Defendant argues, however, that his actions, which would have fallen under the purview of former Section 577.001.1, RSMo 1994, no longer fall under the scope of the current version of the statute due to the removal of the words "actual physical control" from the statute.

Cases, prior to the statute's amendment, interpreting "actual physical control" had held that there was sufficient evidence to support a conviction for driving while intoxicated where a defendant was found asleep behind the steering wheel with the engine running and the lights burning, even though the vehicle was in park, under the theory that the defendant was in a position to regulate the vehicle's movement. *See State v. O'Toole*, 673 S.W.2d 25 (Mo. banc 1984) (evidence sufficient to support a conviction for driving while intoxicated when defendant was found in an intoxicated condition, asleep at the wheel with the engine running and the lights on); *State v. Hollis*, 800 S.W.2d 69 (Mo.App. S.D.1990) (defendant was found to be in actual physical control of vehicle when he was discovered, in an intoxicated condition, sitting behind the steering wheel with the engine running).

In cases finding sufficient evidence to support a conviction of driving while intoxicated based on "actual physical control," there is a lack of explanation as to what actions may fall within the definition of "operate" as used in the context of Section 577.001.1. This is because in each case, it was sufficient that the defendant had "actual physical control," regardless of wheth-

---

1. Section 577.010.1, RSMo 1994, under which Defendant was charged, states that "[a] person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition."

er he or she succeeded in using that control to operate the vehicle. *See O'Toole*, 673 S.W.2d at 27; *State v. Hoyt*, 922 S.W.2d 443, 448 (Mo.App. W.D.1996); *Hollis*, 800 S.W.2d at 71. In addition, cases finding a lack of "actual physical control" do not explain the term "operate" because in each case the most obvious manifestation that a vehicle was "operating" was missing as the vehicle was not running. *See State v. Hughes*, 978 S.W.2d 24 (Mo. App. W.D.1998); *State v. Swinson*, 940 S.W.2d 552 (Mo.App. S.D.1997); *State v. Block*, 798 S.W.2d 213 (Mo.App. W.D. 1990); *State v. Liebhart*, 707 S.W.2d 427 (Mo.App. W.D.1986). Consequently, none of these cases address the issue presented by Defendant of whether an intoxicated, sleeping individual who has his feet on the brake and accelerator of an idling truck, which has its lights on and is in park, is "operating" a vehicle within the meaning of Sections 577.010.1, RSMo 1994, and 577.001.1, RSMo Cum.Supp.1998.

*Baptist v. Lohman*, 971 S.W.2d 366 (Mo. App. E.D.1998), is the sole case which has thus far interpreted and applied the amendment to Section 577.001.1, RSMo Cum.Supp.1998. In *Baptist*, the defendant was arrested for driving while intoxicated after he was found slumped over in the driver's seat of his vehicle with the engine running and the car in neutral. In challenging the Director of Revenue's decision to suspend his driver's license, the defendant argued that he was not "driving" the vehicle because the statute as amended required that someone actually observe an operator of a motor vehicle drive the vehicle. The court disagreed finding that "[w]hile a motorist may no longer be found to be driving while intoxicated merely because he is in 'control' of a running automobile, Section 577.001 as amended still permits 'operating a motor vehicle' to be established by circumstantial evidence." *Id.* at 368.

Although *Baptist* did not expressly consider the meaning of the terms "operating" and "physically driving," Defendant asserts that the amendment to Section 577.001.1,. RSMo Cum.Supp.1998, when read in context with *Baptist*, stands for the proposition that the term "operating" should be narrowly construed. Moreover, he argues that the terms "driving" and "operating" should in fact be considered synonymous. In support of this proposition, Defendant refers to the interchangeable use of the terms "operating" and "driving" by the courts, and cites to such cases as *State v. Johnston*, 670 S.W.2d 552 (Mo. App. S.D.1984), and *State v. Kennedy*, 530 S.W.2d 479 (Mo.App.St.L.1975), in which the terms are used interchangeably.

■ While Missouri courts have admittedly used the terms "operating" and "driving" interchangeably, which has led to some confusion, this alone does not establish that the two terms have become synonymous. Under traditional rules of statutory construction, "each word, clause, sentence and section of a statute should be given meaning." *Missouri Property & Cas. Ins. Guar. Ass'n v. Pott Indus.*, 971 S.W.2d 302, 305 (Mo. banc 1998). Defendant's interpretation of the term "operating," however, would effectively eliminate the word from the definition contained in Section 577.001.1, RSMo Cum.Supp.1998, as the term would be entirely consumed by the word "driving."

Further, although Missouri courts have not expressly considered the distinction between the terms "operating" and "driving," other courts have, with results contrary to what Defendant desires. For instance, in *State v. Ducatt*, 22 Conn.App. 88, 575 A.2d 708, 710 (1990), the court stated that an individual "operates a motor vehicle ... when ... in the vehicle and in a position to control its movements, he manipulates, for any purpose, the machinery of the motor or any other machinery manipulable from the driver's position that affects or could affect the vehicle's movement, whether [the individual] moves the vehicle or not."

Courts in Georgia have also reached the same conclusion through the use of com-

mon dictionary definitions. For instance, in *Flournoy v. State*, 106 Ga.App. 756, 128 S.E.2d 528, 530 (Ga.App.1962), the court stated:

> While the word "drive", as used in ["driving while intoxicated" statutes], usually denotes movement of the vehicle in some direction (see Webster's Unabridged Dictionary), the word "operate" has a broader meaning so as to include not only the motion of the vehicle but also acts which engage the machinery of the vehicle that, alone or in sequence, will set in motion the motive power of the vehicle.

In interpreting the term "operating," the Massachusetts Court of Appeals has also held that "[a] person operates a motor vehicle ... when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle." *Commonwealth v. Plowman*, 28 Mass.App.Ct. 230, 548 N.E.2d 1278, 1280 (1990) (quoting *Commonwealth v. Uski*, 263 Mass. 22, 160 N.E. 305 (1928)).

A similar distinction between the two terms is also presented in 60 C.J.S. *Motor Vehicles* § 6(2) (1969), which states in pertinent part:

> As used in connection with motor vehicles, the word "drives" usually denotes movement of the vehicle in some direction, and the word "operate" may also import motion—motion of the automobile; but the word "operate" may have a somewhat broader meaning, and may not necessarily be limited in meaning to the movement of the vehicle itself, that is, it may not be limited to a state of motion produced by the mechanism of the car. It may include not only the motion of the vehicle, but also acts which engage the machinery of the vehicle which, alone or in sequence, will set in motion the motive power of the vehicle. Thus, a person is considered to operate a vehicle when, in the vehicle, he intentionally does any act or makes use of

any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle. (Footnotes omitted.)

*See also* James O. Pearson, Jr., Annotation, *What Constitutes Driving, Operating, or Being in Control of Motor Vehicle for Purposes of Driving While Intoxicated Statute or Ordinance*, 93 A.L.R.3d 7, 16 (1979) ("It seems clearly established that the term 'operating' ... is broader than the term 'driving.' Accordingly, some courts have specifically recognized that a person may operate a vehicle without driving it.")

We agree that the terms "operate" and "drive" must have a distinct meaning. In this case, while Defendant's actions did not constitute "physically driving," in that the vehicle was not in motion, they did fall under the broader term of "operating" as defined in the aforementioned authorities. When Defendant was discovered in an intoxicated condition by Officer Osterman, he had his right foot pressed on the gas pedal, causing the engine to run at a fast idle. The vehicle's headlights and taillights were on, and Defendant's left foot was pressed on the brake pedal, resulting in the illumination of the brake lights. Defendant was engaging the machinery of his vehicle and was in a position to manipulate its movement. Under this set of facts, the trial court did not err in overruling Defendant's motion for judgment of acquittal and in sentencing him for "operating" a motor vehicle while intoxicated in violation of Section 577.010, RSMo 1994, because there was sufficient evidence from which a reasonable juror could have found Defendant guilty beyond a reasonable doubt. Defendant's first point is therefore denied.

In Defendant's second point, he argues that the trial court erred in overruling his motion to dismiss, in submitting to the jury an instruction defining "operat-

ed" as "physically driving or operating,"[2] and in refusing to give Defendant's definition of "operated."[3] He contends that Sections 577.010.1, RSMo 1994, and 577.001.1, RSMo Cum.Supp.1998, when read in conjunction with each other are unconstitutionally vague, as a person of common intelligence would necessarily have to guess at their meaning and what conduct was prohibited.[4] Defendant supports his argument by noting that the jury during its deliberation asked for a clarification of the definition of "operating."[5]

■ A statute is presumed constitutional and will not be held otherwise unless it clearly and undoubtedly violates some constitutional provision. *State v. Stokely*, 842 S.W.2d 77, 79 (Mo. banc 1992); *State v. Brown*, 660 S.W.2d 694, 697 (Mo. banc 1983). Any doubt should be resolved in favor of the law's validity. *State v. Young*, 695 S.W.2d 882, 883 (Mo. banc 1985). Furthermore, impossible standards of specificity are not required. *Brown*, 660 S.W.2d at 697. "It is not the fact that the legisla-

**2.** The verdict director, Instruction No. 5, read:

If you find and believe from the evidence beyond a reasonable doubt:
First, that on or about February 14, 1999, at 1st and Hall Streets, Webb City, Missouri in the County of Jasper, State of Missouri, the defendant operated a motor vehicle, and
Second, that he did so while in an intoxicated condition, then you will find the defendant guilty of driving while intoxicated.
As used in this instruction, the term "intoxicated condition" means under the influence of alcohol.
As used in this instruction, the term "operated" means physically driving or operating a motor vehicle.
However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

**3.** Defendant's Instruction No. 5A, which was refused by the trial court, read:

If you find and believe from the evidence beyond a reasonable doubt:
First, that on February 14, 1999, at First and Hall Streets in the City of Webb City, County of Jasper, State of Missouri, the defendant operated a motor vehicle, and

tive branch of government which enacted the statute could have chosen more precise or clearer language which determines the issue of vagueness." *State v. McMilian*, 649 S.W.2d 467, 471 (Mo.App. W.D.1983).

■ In determining whether a statute is void for vagueness, the standard is whether the terms or words used in the statute are of common usage and are understandable by persons of ordinary intelligence. *State v. Mahurin*, 799 S.W.2d 840, 842 (Mo. banc 1990), *cert denied* 502 U.S. 825, 112 S.Ct. 90, 116 L.Ed.2d 62 (1991). A valid statute must give a person of ordinary intelligence a reasonable opportunity to learn what is prohibited. *Id.*

In *State v. Johnson*, 55 S.W.2d 967 (Mo. 1932), the Missouri Supreme Court considered the issue of whether the term "operate" as used in the "driving while intoxicated" statute required additional definition. The court held that "operate" had a well-understood meaning, and stated:

Second, that he did so while in an intoxicated condition, then you will find the defendant guilty of driving while intoxicated.
However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
As used in this instruction, the term "intoxicated condition" means under the influence of alcohol.
As used in this instruction, the term "operated" means physically driving a motor vehicle.

**4.** The court of appeals does not have jurisdiction over the constitutional validity of a state statute. Mo. Const. art. V, § 3. The mere assertion that a statute is unconstitutional, however, does not deprive the court of appeals of jurisdiction unless the constitutional issue is real and substantial, and not merely colorable. *See State v. Roedel*, 884 S.W.2d 106, 108 (Mo.App. E.D.1994); *State v. Charity*, 637 S.W.2d 319, 321 (Mo.App. S.D.1982). Because we find Defendant's constitutional claim merely colorable and not substantial, this court has jurisdiction.

**5.** The jury's request, "[p]lease clarify 'operating' as refered [sic] to in instruction # 5" went unanswered.

Error is assigned [by the defendant] because the instructions of the trial court failed to define the word "operate" and the phrase "intoxicated condition." There is no merit in this contention. The words have a well-understood meaning. Any juror would readily understand what was meant by a charge of operating a motor vehicle while defendant was in an intoxicated condition. A court's failure, in its instructions, to define words of common, everyday usage, having well-defined meanings, is not error.

*Id.* at 968.

■ Similarly, the term "operate" as used in the current version of Sections 577.010.1, RSMo 1994, and 577.001.1, RSMo Cum.Supp.1998, has a plain and ordinary meaning cognizable by a person of ordinary intelligence. As such, the trial court had no obligation to the jury to further define the term "operate" beyond the definition given in Section 577.001.1, RSMo Cum.Supp.1998. *See United States v. Shyres*, 898 F.2d 647, 654 (8 th Cir.1990), *cert. denied* 498 U.S. 821, 111 S.Ct. 69, 112 L.Ed.2d 43 (1990) ("response to a jury request for supplemental instructions is a matter within the sound discretion of the [trial court]"); *United States v. Smith*, 635 F.2d 716, 720 (8 th Cir.1980) (trial court has "no obligation to define words within the ordinary understanding of the jury").

■ In this case, the submitted jury instruction was adequate, satisfying the constitutional requirements as to definiteness and certainty, and negated the possibility of arbitrary and discriminatory enforcement. *See Mahurin*, 799 S.W.2d at 842. Consequently, the trial court's denial of Defendant's motion to dismiss was proper. Further, the trial court did not err in refusing Defendant's proposed instruction because his instruction did not conform to the statute, as it would have expressly limited "operating" to "physically driving a motor vehicle," making the terms "physically driving" and "operating" synonymous. As previously discussed in

Defendant's first point, this result is unacceptable. Defendant's second point is therefore denied.

The judgment of the trial court is affirmed.

PREWITT, J., and MONTGOMERY, J., concur.