**STATE of Missouri, Respondent,**

v.

**Ricky D. MITCHELL, Appellant.**

**No. WD 59449.**

Missouri Court of Appeals,
Western District.

March 26, 2002.

As Modified July 2, 2002.

Cyril H. Hendricks, Jefferson City, for appellants.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondents.

Before BRECKENRIDGE, P.J., NEWTON and HARDWICK, JJ.

PATRICIA BRECKENRIDGE, Judge.

Ricky D. Mitchell appeals his conviction for driving while intoxicated, § 577.010, RSMo 2000.[1] On appeal, he challenges the sufficiency of the evidence to support the jury's finding that he was operating a motor vehicle in an intoxicated condition. He also challenges the lawfulness of his arrest. Because this court finds that there is sufficient evidence to support a finding that Mr. Mitchell was operating his vehicle while in an intoxicated condition when Officer Pemberton found him and lawfully arrested him, the judgment of the trial court is affirmed.

### Factual and Procedural Background

■ In reviewing the sufficiency of the evidence to support a conviction for driving while intoxicated, this court views the evidence, and any reasonable inferences therefrom, in the light most favorable to the verdict. *State v. Knifong,* 53 S.W.3d 188, 193 (Mo.App.2001). In the early morning hours of January 27, 2000, Officer Darren Pemberton of the Fulton Police Department was driving on Highway 54 when he saw a pickup truck stopped on the

---

1. All statutory references are to the Revised Statutes of Missouri 2000.

side of the road. Officer Pemberton noticed the truck because it was stopped partially on the shoulder of the highway and partially on the grass, and its brake lights were on. Officer Pemberton decided to park his patrol car behind the truck and ask the driver of the truck if he needed assistance.

As he approached the truck, Officer Pemberton noticed that the truck's engine was running. When he got closer to the truck, he could see that the driver of the truck, Mr. Mitchell, was sitting upright in the driver's seat but appeared to be sleeping. When Officer Pemberton was right next to the truck, he looked in the window and noticed that Mr. Mitchell's foot was on the brake, and the transmission was in the "drive" position.

Officer Pemberton tapped on the window and eventually awakened Mr. Mitchell. Officer Pemberton asked Mr. Mitchell, who appeared "a little bit groggy," to roll down the window. Mr. Mitchell had difficulty finding the electric window control button. When he finally found the button, he rolled down the window three inches.

Officer Pemberton then asked Mr. Mitchell for his driver's license. When Mr. Mitchell opened his wallet, Officer Pemberton could clearly see Mr. Mitchell's driver's license; however, Mr. Mitchell looked through his wallet several times before he found it and gave it to Officer Pemberton.

After he obtained Mr. Mitchell's driver's license, Officer Pemberton asked Mr. Mitchell to put the truck in the "park" position. Mr. Mitchell put the truck in the "neutral" position instead, however. When Mr. Mitchell then took his foot off of the brake, his truck began rolling back towards Officer Pemberton's patrol car.

Officer Pemberton repeatedly asked Mr. Mitchell to stop, but was unsure whether Mr. Mitchell was even aware that the truck was rolling back. Mr. Mitchell eventually stopped the truck before it hit the patrol car.

Once Mr. Mitchell stopped the truck, Officer Pemberton asked him to get out of the truck. As Mr. Mitchell was getting out of his truck, Officer Pemberton noticed that he was staggering, and that he had to hold on to the side rail of his truck bed for support. When Mr. Mitchell was standing at the rear of the truck talking to Officer Pemberton, Mr. Mitchell "continually swayed in all directions, [and] had to shuffle his feet to maintain his balance." Officer Pemberton also noticed that Mr. Mitchell "had a strong odor of intoxicants about him," his speech was slurred, and his eyes were watery, bloodshot, and glassy.

When Officer Pemberton asked Mr. Mitchell if he had had anything to drink, Mr. Mitchell replied that he "had had a few beers." Officer Pemberton then asked Mr. Mitchell to perform three standardized field sobriety tests: the horizontal gaze nystagmus test, the one-leg stand test, and the walk-and-turn test. Mr. Mitchell's performance on the horizontal gaze nystagmus test indicated that he had "high levels of intoxication," and Mr. Mitchell was unable to satisfactorily perform either the one-leg stand test or the walk-and-turn test. From Mr. Mitchell's performance on these tests, and the totality of the circumstances, Officer Pemberton believed that Mr. Mitchell was intoxicated.

Officer Pemberton then arrested Mr. Mitchell and took him to the Fulton Police Department, where he advised Mr. Mitchell of his *Miranda*[2] rights. When Officer Pemberton asked Mr. Mitchell if he was on any medications or under a doctor's treat-

---

**2.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ment, he said that he was not. Mr. Mitchell told Officer Pemberton that he had been sleeping for the past three hours. Mr. Mitchell refused Officer Pemberton's multiple requests to take a breathalyzer test.

Mr. Mitchell was later tried by a jury for the class D felony of driving while intoxicated, § 577.010. Mr. Mitchell was convicted, and the court sentenced him as a persistent intoxication-related offender under § 577.023.1(1) and (2), to four years in prison. Mr. Mitchell filed this appeal.

### Standard of Review

When reviewing the sufficiency of the evidence to support a criminal conviction, this court is limited to a determination of whether there was sufficient evidence from which a reasonable juror could have found that the defendant was guilty beyond a reasonable doubt. *State v. Eppenauer*, 957 S.W.2d 501, 503 (Mo.App.1997). This court will accept as true all evidence that supports the judgment, and disregard evidence that is unfavorable to the judgment. *Knifong*, 53 S.W.3d at 193.

### Sufficient Evidence of Operating

In his first point, Mr. Mitchell argues that the evidence was insufficient to support his conviction. The statute under which Mr. Mitchell was convicted, § 577.010, provides that "[a] person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition." Mr. Mitchell does not challenge the fact that he was in an intoxicated condition. Instead, he argues that the evidence does not support a finding that he was operating his vehicle in such a condition. Section 577.001.1 defines "operates" or "operating" as "physically driving or operating a motor vehicle." Mr. Mitchell contends that his sitting in his truck with the engine run-

ning, the transmission in the "drive" position, and his foot on the brake pedal was not sufficient to constitute "operating" the vehicle within the meaning of the statute. In making this argument, Mr. Mitchell notes that the legislature deleted the phrase "actual physical control" from the definition of "operating" in § 577.001.1, when it amended this section in 1996.

The legislature's deleting the phrase "actual physical control" from the definition of "operating" in § 577.001.1 has no bearing on this case, however, as Mr. Mitchell's actions go beyond merely being in actual physical control of his vehicle. *See State v. Cross*, 34 S.W.3d 175, 180–81 (Mo.App.2000). When Officer Pemberton found Mr. Mitchell asleep in his truck on the shoulder of the highway with the engine running, the truck's transmission was in the "drive" position, and Mr. Mitchell's foot was pressing on the brake pedal, illuminating the brake lights. The only reason why Mr. Mitchell's truck was not moving was because Mr. Mitchell had his foot pressed on the brake pedal. Thus, although Mr. Mitchell was not "physically driving" because the truck was not in motion, *see State v. Wiles*, 26 S.W.3d 436, 440–41 (Mo.App.2000), he was "operating" the vehicle, *see Cross*, 34 S.W.3d at 180–81.

Under similar facts, the Southern District in *Wiles* held that a driver who was found asleep in the driver's seat of a car with its engine running and transmission in the "park" position, with one foot pressing the brake pedal and one foot pressing the accelerator, was operating his vehicle. *Wiles*, 26 S.W.3d at 441. The court concluded that because the intoxicated driver was pressing on the brake and the accelerator pedals, he "was engaging the machinery of his vehicle and was in a position to manipulate its movement," and was, thus, operating his vehicle in violation of § 577.010. *Id.*

Because Mr. Mitchell's transmission was in "drive" and not "park," as was the driver's transmission in *Wiles,* the circumstances here are even more compelling than those deemed sufficient to constitute operating in *Wiles.* Clearly, as in *Wiles,* Mr. Mitchell was engaging the machinery of his vehicle and was in a position to manipulate its movement, since the engine was running, the vehicle was in gear to drive, and Mr. Mitchell's pressing the brake pedal was the only reason his truck was not moving. Therefore, this court finds that there was sufficient evidence from which a reasonable juror could conclude that Mr. Mitchell was guilty beyond a reasonable doubt of operating his vehicle while in an intoxicated condition. Mr. Mitchell's first point is denied.

### Arrest Was Lawful

■ In his second point, Mr. Mitchell claims that the trial court erred in overruling his objection to Officer Pemberton's testimony on the basis that his arrest without a warrant was unlawful. Section 577.039 describes when a warrantless arrest for driving while intoxicated is permissible:

> An arrest without a warrant by a law enforcement officer, including a uniformed member of the state highway patrol, for a violation of section 577.010 or 577.012 is lawful whenever the arresting officer has reasonable grounds to believe that the person to be arrested has violated the section, whether or not the violation occurred in the presence of the arresting officer and when such arrest without warrant is made within one and one-half hours after such claimed violation occurred, unless the person to be arrested has left the scene of an accident or has been removed from the scene to receive medical treatment, in which case such arrest without warrant may be made more than one and one-half hours after such violation occurred.

Mr. Mitchell argues that he was not operating the vehicle when Officer Pemberton found him and, therefore, the only evidence of when he last operated the vehicle was his statement to Officer Pemberton that he had been sleeping for three hours before Officer Pemberton arrived. Thus, Mr. Mitchell claims that the arrest was unlawful because it was made more than one and one-half hours after he last operated the vehicle. Since this court has determined that Mr. Mitchell was operating the vehicle in an intoxicated condition in violation of § 577.010 when Officer Pemberton found him, and Officer Pemberton arrested Mr. Mitchell shortly thereafter, the arrest was lawful. Section 577.039. Mr. Mitchell's second point is denied.

The judgment of the trial court is affirmed.

All concur.