**P. Arne PAPPIN, Plaintiff/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant/Appellant.**

**No. 72237.**

Missouri Court of Appeals, Eastern District, Division One.

Jan. 6, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald D. Pridgin, Special Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for defendant/appellant.

Michael S. O'Brien, Clayton, for plaintiff/respondent.

GRIMM, Presiding Judge.

Licensee was arrested for driving while intoxicated. Director of Revenue suspended his automobile driving privileges pursuant to sections 302.500—302.541.* This suspension was upheld after an administrative hearing pursuant to sections 302.505, 302.530.

Licensee filed a petition for trial *de novo* in circuit court. A commissioner heard the case and found there was no probable cause to arrest licensee and recommended sustaining the petition. The trial court adopted those findings and accepted the recommendation. It entered judgment for licensee and ordered the suspension removed from licensee's driving record and his driving privileges reinstated.

Director appeals. She claims the trial court erred in reversing licensee's suspension because he was arrested upon probable cause. We reverse and remand and direct the trial court to reinstate licensee's suspension.

## I. Background

At 1:26 in the early morning of August 8, 1996, Police Officer Toland responded to a traffic accident. He observed that a Jeep Wrangler had collided with a tractor trailer. He spoke with licensee and licensee identified himself as the Jeep's driver. He told the officer that the accident had just occurred.

Police Officer Rehm also responded to the accident. Upon arriving, he observed licensee and smelled a strong odor of alcohol on his breath. The officer believed it was necessary to have licensee perform several field sobriety tests and administered four tests. Licensee had a hard time following instructions, had difficulty maintaining his balance during portions of the tests, and had significant jerking of the eyes during the horizontal gaze nystagmus test. After administering the tests, the officer believed licensee was intoxicated and arrested him for driving while intoxicated.

Officer Rehm advised licensee of his rights under Missouri's implied consent law and he agreed to take a breathalyzer test. Officer Rehm administered the test; it showed 0.129% blood alcohol content by weight.

## II. Suspension Was Supported by Probable Cause

The Director's sole point alleges "the trial court erred in reversing [licensee's] suspension because [he] was arrested upon probable cause to believe he operated a motor vehicle while his blood alcohol content was .10% or more by weight."

At trial, Director had the burden to prove, by a preponderance of the evidence, that (1) the arresting officer had probable cause to arrest licensee for driving while intoxicated; and (2) at the time of the arrest, licensee's blood alcohol content was at least 0.10% by weight. Section 302.505; *Jurgiel v. Director of Revenue*, 937 S.W.2d 397, 398 (Mo.App. E.D.1997). All the evidence before the trial court indicated that the arresting officer had probable cause and licensee's BAC exceeded 0.10%. Licensee did not offer any contrary evidence. Therefore, the trial court erred in finding that the arresting officer did not have probable cause to arrest licensee.

Licensee argues the trial court's judgment should be upheld because "the arresting officer could not prove by a preponderance of the evidence that [licensee] was operating the vehicle." The evidence does not support this argument. Although neither officer observed licensee driving the vehicle, Officer Toland testified that licensee identified himself as the vehicle's driver at the accident scene. Further, Officer Toland testified that licensee admitted to Officer Rehm that he was driving the Jeep. Licensee did not present any evidence contradicting this testimony.

The trial court's judgment is reversed and the cause remanded to enter a judgment reinstating licensee's suspension.

PUDLOWSKI and GARY M. GAERTNER, JJ., concur.