**Adrian Frank PENDERGRASS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 75569.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 12, 1999.

Bernard Edelman, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

CLIFFORD H. AHRENS, Judge.

The Director of Revenue ("Director") appeals a judgment by the St. Louis County Circuit Court reinstating the driving privileges of Adrian Frank Pendergrass ("Driver"). The Director claims that the trial court erred in finding that there was insufficient evidence that driver had operated a motor vehicle. We reverse and remand.

On August 25, 1997, driver attempted to return an Avis rental car to the Hertz rental car office at Lambert airport. After a Hertz employee explained that he was in the wrong place, driver became angered and refused to move the car.

Upon arrival, the police confronted driver. Noting driver's inability to exit the automobile without help and the strong odor of intoxicants upon driver's breath, the police asked him to submit to a sobriety test. He became combative and refused, insisting, "I was driving down the highway and you started f* *king with me." Following his refusal, he was handcuffed and taken to the police station.

Driver's license was revoked by the Department of Revenue. Pursuant to section 302.311 RSMo (1994), driver filed a petition for a trial de novo by the circuit court. The Director submitted the matter on the record, and driver presented no evidence at trial. The circuit court reinstated his driving privileges, finding that there was no evidence of operation of a motor vehicle. This appeal follows.

■ Our review of the trial court's decision is controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976). The decision of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

■ A person whose license has been revoked may petition for court review under Section 577.041.4. *Zimmerman v. Director of Revenue, State of Mo.*, 988 S.W.2d 583, 585 (Mo.App.1999). At the hearing the judge shall determine only whether or not the person was arrested; whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and whether or not the person refused to submit to the test. *Id.* If the judge finds any issue not to be in the affirmative, the judge is required to order the director to reinstate the license. Section 577.041.5. *Zimmerman*, 988 S.W.2d at 585. Deference to the trial court's findings is not required when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict. *Justice v. Director of Revenue*, 890 S.W.2d 728, 730 (Mo.App.1995).

■ An officer may have reasonable grounds to arrest for driving while intoxicated, even when the evidence of "actually driving" is based on circumstantial evidence. *Baptist v. Lohman*, 971 S.W.2d 366, 368 (Mo.App.1998). The uncontroverted testimony of a police officer that an individual admitted to driving a vehicle constitutes reasonable grounds to believe that the individual was driving. *Pappin v. Director of Revenue, State of Mo.*, 958 S.W.2d 591, 592 (Mo.App.1998).

■ Although the police officer admits in the record that he did not actually see driver driving the automobile, a Hertz employee witnessed driver operating the motor vehicle. The record also states that driver "could not even get out of the car without help" and that driver stated, "I was driving down the highway."

The record contains uncontroverted evidence that the arresting officer had reasonable grounds to believe that driver was operating the motor vehicle. The judgment is reversed and remanded with instructions to reinstate the revocation of driver's driving privilege.

RICHARD B. TEITELMAN, P.J., concurs.

LAWRENCE E. MOONEY, J., concurs.