Ellis J. MARSEY, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 76091.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 6, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Carl M. Ward, Clayton, for respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

The Director of Revenue (Director) appeals from the judgment reinstating Ellis Marsey's driving privileges. We reverse and remand.

Director revoked Marsey's driving privileges for one year for refusing to take a breathalyzer test pursuant to section

577.041.[1] Marsey filed a petition for review of the revocation in the circuit court. The court assigned the case to a commissioner.

The Director submitted the case on the records and Marsey presented no evidence. The records submitted by the Director included the notice of revocation, three pages of the Alcohol Influence Report with the first page of this report missing, two pages titled "NARRATIVE INFORMATION" and Marsey's driving record. These records reflect that on August 17, 1997, a St. Louis County police officer was dispatched to a retail store "for an accident." Upon arriving, the officer contacted two witnesses who worked as security officers for the store. The two witnesses stated that they observed a brown Honda Prelude attempt to make "what appeared to be a left turn" and the vehicle struck a light post on a parking lot. One of the witnesses identified Marsey as the driver of the Honda Prelude. The officer approached the vehicle and spoke to Marsey and another individual. The other individual said he was on the passenger side and Marsey was driving. According to the officer, "Marsey stated he was driving his Honda and tried to make a left turn towards [the store], however, he turned too early and struck a post." The officer smelled a strong odor of alcohol on Marsey's breath. When asked by the officer, Marsey said he had been drinking alcohol that day. The officer observed that Marsey's eyes were watery, bloodshot and dilated. The officer attempted to administer a field sobriety test but Marsey refused to participate "because he stated he would fail as he swayed side to side and hiccuped." The officer then placed Marsey under arrest for driving while intoxicated. After being advised of his Miranda rights and the Missouri Implied Consent Law, Marsey refused to take a breathalyzer test.

The commissioner found that there was "insufficient credible evidence in the records" to show that the officer had probable cause to arrest Marsey for driving while intoxicated or that Marsey refused a breath test. The commissioner recommended that Marsey's driving privileges be reinstated. The circuit court adopted the findings and recommendations of the commissioner as the judgment of the court. The Director appeals from this judgment.[2]

The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *McCabe v. Director of Revenue*, 7 S.W.3d 12, 13 (Mo.App. E.D.1999); *Pendergrass v. Director of Revenue*, 4 S.W.3d 599, 601 (Mo.App. E.D.1999). In a proceeding where a person's license has been revoked for refusal to submit to a breath test, the trial court shall determine: (1) whether the person was arrested; (2) whether the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and (3) whether or not the person refused to submit to the test. Section 577.041.4; *Id.* "Deference to the trial court's findings is not required when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict." *Pendergrass*, 4 S.W.3d at 601; *see Prozorowski v. Director of Revenue*, 12 S.W.3d 405, 408 (Mo.App. E.D.2000).

Director argues in the sole point on appeal that under section 577.041 the trial court erred in setting aside Marsey's revocation. We first address whether the officer had reasonable grounds to believe that Marsey was driving a motor vehicle in an intoxicated condition. Reasonable grounds is virtually synonymous with probable cause. *Myers v. Director of Revenue*, 9 S.W.3d 25, 27–28 (Mo.App. E.D. 1999). An officer may have reasonable grounds to arrest for driving while intoxi-

---

1. All statutory references are to RSMo. Cum. Supp.1996.

2. Marsey's motion to strike the appendix in the Director's reply brief is granted.

cated, even when the evidence of "'actually driving'" is based on circumstantial evidence. *Pendergrass,* 4 S.W.3d at 601. The uncontroverted testimony of a police officer that an individual admitted to driving a vehicle constitutes reasonable grounds to believe that the individual was driving a vehicle. *Id; Pappin v. Director of Revenue,* 958 S.W.2d 591, 592 (Mo.App. E.D.1998).

In the present case, Marsey told the officer he was driving the vehicle involved in the accident. In addition, one of the security officers and the passenger told the officer that Marsey was driving the vehicle. Marsey admitted to drinking alcohol. The officer smelled a strong odor of alcohol on Marsey's breath and observed that Marsey's eyes were watery, bloodshot and dilated. The trial court's finding that the officer did not have probable cause to arrest Marsey for driving while intoxicated is against the weight of the evidence and is not supported by substantial evidence.

The officer stated in his "NARRATIVE INFORMATION" that Marsey refused to take the breathalyzer test. The Alcohol Influence Report reflects that Marsey refused the breath test. The trial court's finding that Marsey did not refuse the breath test is against the weight of the evidence and is not supported by substantial evidence. Furthermore, there is also uncontroverted evidence that Marsey was arrested. The trial court erred in setting aside the revocation under section 577.041.[3]

The judgment is reversed and the cause remanded with directions to reinstate the Director's revocation of Marsey's driving privileges.

MARY K. HOFF, J., and ROBERT E. CRIST, Sr.J.: Concur.

---

**3.** Contrary to Marsey's assertion, the records in the legal file are sufficiently complete and legible to permit meaningful review and reverse the trial court's judgment.