Gregory BOLLINGER, Respondent,

v.

**DIRECTOR OF REVENUE, Appellant.**

No. ED 78096.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 6, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Theodore D. Agniel, Asst. Atty. Gen., St. Louis, for appellant.

No appearance for respondent.

AHRENS, P.J.

The Director of Revenue ("Director") appeals the trial court's judgment reinstating the driving privileges of Gregory Bollinger ("driver"). Director suspended driver's privileges after he was arrested for driving while intoxicated and refused to take a breath test. We reverse and remand.

On September 12, 1999, Officer Hall ("officer") responded to an accident report where one vehicle had left the scene. William Pfaff stated that his truck was struck on the driver's side while parked on the street. He indicated that a blue S-10

truck parked up the street had damage to the passenger side. Officer proceeded to the house where the S–10 truck was parked and identified driver as the owner. While speaking to driver, officer detected an extremely strong smell of intoxicants on driver's breath. Officer also noticed that driver's balance was unsure, his knees were sagging, and his eyes were bloodshot and glassy. Officer asked driver if he had been in an accident that night. Driver responded, "if he was, he was asleep when it happened" and later said, "I don't know-you tell me."

Driver stated that he had not had anything to drink since he parked the truck and went to bed. Driver then consented to field sobriety testing. He failed the one-leg stand test, the horizontal gaze nystagmus test, and the walk-and-turn test. Driver was then arrested for driving while intoxicated and was transported to the Ste. Genevieve County Jail for the breathalyzer test. Driver was advised of his constitutional rights per Miranda[1] warnings and the Missouri Implied Consent Law. Driver verbally acknowledged he understood his rights and then refused to take the breath test. As a result of driver's refusal to take the breath test, his driver's license was seized. He was issued summonses to appear in municipal court for failure to exercise the highest degree of care, leaving the scene of an accident, and driving while intoxicated.

On September 24, 1999, driver filed a petition for review of administrative revocation. Driver alleged that the revocation was illegal because (1) he was not legally arrested nor arrested with probable cause, (2) there was no reasonable grounds that he was driving a motor vehicle in an intoxicated condition and (3) he did not refuse to submit to a chemical test. The case was called for trial on April 27, 2000. The parties stipulated to submission upon the pleadings and the police report. On May 1, 2000, "based on the evidence" the trial court found that "there were not sufficient reasonable grounds to believe that [driver] was operating a motor vehicle while in an intoxicated condition and therefore the arrest was not proper." The revocation was set aside. The Department of Revenue now appeals the trial court's judgment.

■ We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "In a proceeding where a person's license has been revoked for refusal to submit to a breath test, the trial court shall determine: (1) whether the person was arrested; (2) whether the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and (3) whether or not the person refused to submit to the test." *Marsey v. Director of Revenue*, 19 S.W.3d 176, 177 (Mo.App.2000).

Director presents two points on appeal but the first point is dispositive. Director argues that the trial court erred because based on the record, the evidence does not support the judgment. We agree.

■ The trial court found that no reasonable ground existed to believe that driver was operating a motor vehicle in an intoxicated condition. Reasonable grounds is virtually synonymous with probable cause. *Id.* "An officer may have reasonable grounds to arrest for driving while intoxicated, even when the evidence of 'actually driving' is based on circumstantial evidence." *Id.* at 177–78. The police report, stipulated to by the parties, was the only evidence offered at trial. The police report shows that driver was arrested after failing three field sobriety tests. In the police report, officer stated that driver admitted that he had parked the truck on the street. He also admitted that he had nothing to drink after parking the truck on the street and going to bed. This constitutes reasonable grounds to believe that driver was operating a motor vehicle in an

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

intoxicated condition. No evidence exists in the record to contradict this evidence. The police report also states that driver refused to take the breathalyzer test after being warned of his rights. The Director met his burden with no contradictory evidence. The judgment is against the weight of the evidence and is not supported by substantial evidence. The trial court erred in setting aside the revocation.

The judgment is reversed and the case is remanded for the trial court to enter a judgment reinstating driver's suspension of driving privileges.

CRANDALL and JAMES R. DOWD, JJ., concur.