KURT S. ODENWALD, Judge
Introduction
Darice Teal ("Teal") appeals from the decision of the Missouri Department of Social Services, Family Support Division (the "Division"), which held, after a telephone hearing, that Teal received $2,046 in *419 excess food-stamp benefits. On appeal Teal claims, in Point One, that the hearing procedure was improper because she was unable to hear the Division's witness testify, did not receive notice of the Division's polices, and did not have an adequate opportunity to review all the evidence presented at the hearing. In Point Two, Teal alleges that the Division erred because the record lacks sufficient evidence to prove the Division followed its policies for admitting exhibits, and does not establish that Teal received all of the exhibits presented at the hearing. Because we defer to the credibility findings of the Division and we find competent and substantial evidence to support the Division's decision, we affirm.
Factual and Procedural History
Teal applied to the Division for food-stamp benefits. Teal did not report any earned income for herself on her application. The Division granted Teal's application. About a year later, the Division discovered that Teal had been working at Dollar General while she was receiving food-stamp benefits. The Division sent Teal a letter notifying her that she had earned $11,682.29 during her employment, which was not applied in calculating her food-stamp benefits. The Division explained to Teal that she had been overpaid $2,046 in food-stamp benefits. The letter also contained a table showing the amount Teal collected in food-stamp benefits compared to the amount she was eligible to receive per month. The Division informed Teal in the letter that she had the opportunity to contact the Division to view copies of the evidence supporting the claims against her. Teal requested a hearing, which was conducted by telephone. The Division notified Teal that "[if] [she] want[ed] to review the proposed exhibits prior to the hearing, [she] must [have arrived] at the designated location at least 15 minutes prior to the time [her] hearing [was] scheduled to begin."
At the hearing, the Division introduced six exhibits through the testimony of Elizabeth Muttschall ("Muttschall"), a family-support-eligibility specialist. Muttschall indicated that the Division adhered to its standard procedures and policies for producing exhibits, and she testified that all documents and forms were authentic copies of information contained in the case record. Teal did not object to any of the six exhibits during the hearing. In addition, the Division provided Teal with most of the exhibits' contents, except pages 57-60 of Exhibit One. Those pages, which contained a Food Stamp Budget Summary, Income Summary, and Expense Summary, were missing from Exhibit One. The Division left the record open for twenty-five days after the hearing was terminated to allow Teal to view pages 57-60 of Exhibit One as well as to review all of the exhibits.
During the hearing, Teal mentioned that she could barely hear Muttschall's testimony. The hearing officer and Muttschall attempted to improve the volume and quality of the phone call. The hearing officer then asked Teal "[a]nd was that better, Mr. and Mrs. Teal?" Teal responded that it was a little better. After Muttschall reviewed the exhibits, and they had been admitted, the hearing officer again asked Teal about her ability to hear the testimony. Teal responded that the audio had not really improved. The following exchange occurred:
Hearing Officer: Okay, because this is the part where I'm going to-I need to make sure you can-I mean, you need to be able to hear well, unfortunately, for the rest of it and I apologize for that. The phone system is not the greatest, but I want to make sure you can really hear [Muttschall] now because this is where she's going to be testifying, I guess, more specifically *420 about what happened that triggered your claims. I mean, are-are you able to hear-you are able to hear what she's saying, though, correct? It's just not great or is it just not ...
Mr. Teal: We can hear you just fine.
Hearing Officer: Okay.
Mr. Teal: Hers seems to have a bit of static and is breaking up.
Hearing Officer: Okay. Yeah, and I guess if you can just try to speak as loudly as possible, Ms. Muttschall, or did you have anything in here that-I thought I saw something that had kind of a summary of the testimony.
Muttschall: Yeah, that's what I'm-
Hearing Officer: Okay, and I asked if-are you going to be reading off of that?
Muttschall: Yes,
Hearing Officer: Okay, then, I guess, if you could point Mr. and Mrs. Teal to that then that would be helpful. Is that-it looks like it's-it looks like it might be right after the list of exhibits? Is that where it is?
Muttschall: Yes.
Hearing Officer: Okay. There's a page right after the list of exhibits that has the testimony and I believe that that's what Ms. Muttschall will be reading.
Mrs. Teal: Okay.
Hearing Officer: And then that-that at least, I think, hopefully will help.
Subsequently, Teal presented her testimony regarding her work at Dollar General, Teal testified that one week after she began working, she verbally notified the Division that she was employed. Teal claimed that she did not know why her employment information was not filed with the Division's paperwork. The Division found her testimony not credible because she failed to produce evidence establishing that she reported her employment.
The Division ruled that Teal collected $2,046 more in food-stamp benefits than she was entitled to receive. Teal appealed the decision to the circuit court, which affirmed the Division's decision. This appeal follows.
Points on Appeal
Teal raises two points on appeal. In Point One, Teal argues that the Division erred in finding she was overpaid $2,046 in food-stamp benefits because the decision was the product of unlawful procedure. Specifically, Teal contends that she could not hear Muttschall's testimony, she did not receive notice of the Division's policies and procedures, and she did not have an adequate opportunity to view all the evidence presented. In Point Two, Teal maintains that the Division's decision is unsupported by competent and substantial evidence. Specifically, Teal alleges that without the Division's policies and procedures regarding its records, and without pages 57-60 of Exhibit One, the record is incomplete and thus, the record lacks substantial evidence to support the Division's holding.
Standard of Review
We review the findings and decision of the Division, not the findings of the circuit court. Albanna v. State Bd. of Registration for the Healing Arts, 293 S.W.3d 423, 428 (Mo. banc 2009) ; M.A.H. v. Mo. Dep't of Soc. Servs., 447 S.W.3d 694, 696-97 (Mo. App. E.D. 2014). We examine administrative actions to determine "whether [such Division actions] are authorized by law, and ... whether the [hearing is] supported by competent and substantial evidence upon the whole record." Mo. Const. art. V, sec. 18. Our review is controlled by *421 Section 536.140.2,[1] which provides:
The inquiry may extend to a determination of whether the action of the agency
(1) Is in violation of constitutional provisions;
(2) Is in excess of the statutory authority or jurisdiction of the agency;
(3) Is unsupported by competent and substantial evidence upon the whole record;
(4) Is, for any other reason, unauthorized by law;
(5) Is made upon unlawful procedure or without a fair trial;
(6) Is arbitrary, capricious or unreasonable;
(7) Involves an abuse of discretion.
Additionally, we look to the whole record, not simply the evidence supporting the Division's holding. Albanna, 293 S.W.3d at 428. Questions of law are reviewed de novo. State Bd. of Registration for the Healing Arts v. McDonagh, 123 S.W.3d 146,152 (Mo. banc 2003). But, credibility determinations of witnesses are left solely to the Division. Faenger v. Bach, 442 S.W.3d 180, 189 (Mo. App. W.D. 2014).
Discussion
I. Point One: The Hearing Procedure Was Proper
Teal argues that the hearing was procedurally unlawful because she was unable to hear some of the witness's testimony, and unable to review all of the evidence against her before the hearing began. Teal was constitutionally entitled to a pre-termination evidentiary hearing regarding the cessation of her food-stamp benefits because she had a property interest in her food-stamp benefits. See Goldberg v. Kelly, 397 U.S. 254, 260-61, 263-64, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). As such, Teal had a right to notice and a hearing prior to her benefits terminating. See id.; Div. of Family Servs. v. Cade, 939 S.W.2d 546, 552 (Mo. App. W.D. 1997). "At the most fundamental level, due process requires that a person facing the deprivation of a property interest must receive notice and an opportunity for a hearing 'appropriate to the nature of the case.' The opportunity to be heard must be given at a meaningful time and in a meaningful manner." Cade, 939 S.W.2d at 553 (internal citations omitted). After a review of the entire record, we hold that the hearing procedure was lawful and did not deny Teal her due process rights.
While Teal contends that the hearing officer erred in continuing the proceeding after she expressed her inability to hear Muttschall's testimony, the record does not support Teal's claim. The record indicates that, in response to Teal's express complaints regarding the audio quality of Muttschall's testimony, Muttschall made efforts to improve the clarity of her testimony. In addition, the hearing officer directed Teal to a document-included with the exhibits-that contained a summary of Muttschall's testimony. The hearing transcript does not reflect that, after her initial complaint, Teal was unable to comprehend or follow Muttschall's testimony, the Division's position, or unable to respond to the Division's allegations. In fact, the record clearly shows that Teal understood the basis of the Division's allegations, and, in direct response to those allegations, Teal testified that she verbally had reported her employment to the Division. In addition, Teal confirmed her ability to hear Muttschall's testimony "a little" better after Muttschall attempted to improve the volume and quality of the phone call.
*422 Teal also alleges that the hearing was procedurally unlawful because the Division did not provide her with a physical copy of the policies that Muttschall referred to during her testimony; nor were the policies admitted into evidence. Teal claims that, in saying "[a]ll documents and forms adhere to the standard procedure based upon [the Division's] policy[,]" the Division was required to admit the underlying procedures and policies into evidence.
However, the hearing officer properly admitted the exhibits even though the underlying policy-explaining how the exhibits were generated and maintained-was not admitted. See State ex rel. Sure-Way Transp. v. Div. of Transp. Dep't of Econ. Dev., 836 S.W.2d 23, 26-27 (Mo. App. W.D. 1992) (the agency laid a sufficient foundation for admitting the revenue reports by providing the investigator's testimony, and having him testify to the circumstances surrounding how he obtained them, and vouching for the accuracy of the copies presented), remanded on other grounds, 948 S.W.2d 651 (Mo. App. W.D. 1997). Muttschall testified that all documents conformed to the Division's standard procedures for compiling business records. See id.; Lindenwood Care Corp. v. Mo. Dep't of Soc. Servs., 466 S.W.3d 707, 716 (Mo. App. W.D. 2015) ; Section 536.070(10) ("All other circumstances of the making of such ... record, including lack of personal knowledge by the entrant or maker, may be shown to affect the weight of such evidence, but such showing shall not affect its admissibility."). Muttschall also testified to the documents' authenticity as copies of the originals. Because Muttschall introduced the exhibits in her testimony, and the hearing officer considered her personal knowledge of the creation of such exhibits, the exhibits were properly admitted and the Division need not have admitted the underlying policies and procedures.
Lastly, Teal contends that the hearing officer and the Division failed to provide her with all of the evidence used in the hearing and deprived her of a meaningful opportunity to review all of the documents before the hearing. The hearing officer acknowledged that Teal was missing the last three pages of Exhibit One. The record before us shows that the hearing officer held the record of the hearing open for the Division to provide Teal with the remaining three pages of Exhibit One, for Teal to object to Exhibit One's admission, and for Teal to further review the Other exhibits. The hearing officer took the necessary steps to ensure Teal had sufficient opportunity to review and respond to the evidence used against her.
In addition, the record shows that Teal received proper notice of the hearing date, time, location, and the opportunity to review the exhibits prior to the hearing. See Cade, 939 S.W.2d at 553. Teal was notified of the claim against her prior to the hearing, was provided a table containing the amounts she received in food-stamp benefits compared to the amounts the Division claimed she was eligible to receive, and was notified that if she wished to view a copy of the Division's documentation, she should contact the Division before the hearing. Teal had additional time before the hearing to view the evidence against her, and had adequate time at the hearing to review the evidence and follow along with the proceeding. Teal received both an opportunity to hear and review the evidence against her, and an opportunity to present her own evidence and confront the Division's witness. Point One is denied.
II. Point Two: The Decision is Supported by Competent and Substantial Evidence
In her second point on appeal, Teal maintains that the Division's decision is *423 not supported by competent and substantial evidence, as required by Section 536.140.2(3), because the Division was not fully informed of the policies and procedures Muttschall relied upon during her testimony, the record did not close, and there is no evidence that Teal received the missing pages of Exhibit One.
Teal contends that, because the Division's policies that Muttschall relied upon during her testimony are nowhere in the record, the Division necessarily relied on speculation in order to determine that the exhibits were properly generated, maintained, or otherwise fit for consideration. Teal did not object to the admission of Exhibits Two through Six. In fact, she affirmatively stated she had no objections to each exhibit. Muttschall also testified, without objection, to the exhibits' admissibility and the accurate record-keeping, exemplified through the Division's following of its standard policies and procedures. The Division found Muttschall's testimony credible. Faenger, 442 S.W.3d at 189 (credibility findings are left solely to the Division's discretion). Contrary to Teal's contention, the Division did not rely on mere speculation, but relied instead upon Teal's acceptance of the exhibits' admissibility and Muttschall's credible testimony.
Teal also argues that the hearing officer left the record open, but did not fulfill the promise that Teal would have an opportunity to review the missing pages from Exhibit One and submit objections. Further, Teal maintains that the record never closed, there is no evidence in the record that the Division ever sent Teal the missing pages of Exhibit One, and no evidence that Teal ever received the missing pages.
The hearing officer was allowed to continue the hearing and postpone her findings until Teal had an opportunity to review Exhibit One. 13 C.S.R. 40-2.160(5)(B) (1990). In addition, even where there are a few pages missing from the evidence, there still may be substantial evidence to support the ultimate finding. See, e.g., Marsey v. Dir. of Revenue, 19 S.W.3d 176, 177-78 (Mo. App. E.D. 2000) (overruling a finding of insufficient evidence to show probable cause to arrest Marsey for driving while intoxicated even though one of the exhibits was missing a page). Here, the record contains documents showing the exact amounts Teal was overpaid for food-stamp benefits, forms filled out by Teal indicating that she was unemployed, and testimony from Teal confirming that she had worked at Dollar General during the claim period. Even though there were three pages missing, the other 236 pages in the record contained substantial evidence showing Teal received an overpayment of food-stamp benefits because she failed to report her employment income from Dollar General. The Division's decision is supported by competent and substantial evidence upon the whole record. See Section 536.140.2(3). Accordingly, Point Two is denied.
Conclusion
The judgment of the Division is affirmed.
Robert G. Dowd, Jr., P.J., concurs.
Sherri B. Sullivan, J., concurs.

All statutory references are to RSMo 2016.